DAVIS B. LAWLER, TIMOTHY WALKER, STEPHEN S. L'HOMME-DIEU, GEORGE GRAHAM, JOHN S. HARRISON, AND JACOB BURNET, PLAINTIFFS IN ERROR, *v.* JAMES H. AND JOHN WALKER.

Where the Supreme Court of a State certified that there was "drawn in question the validity of statutes of the State of Ohio," &c., without naming the statutes, this was not enough to give jurisdiction to' this court, under the 25th section of the Judiciary Act.

Nor, in this case, would the court have had jurisdiction if the statutes had been named, because, —

In 1816, the Legislature of Ohio passed an "Act to prohibit the issuing and circulation of unauthorized bank paper," and in 1839, an act amendatory thereof; and the question was, whether or not a canal company, incorporated in 1837, was subject to these acts. In deciding that it was, the Supreme Court of Ohio only gave a construction to an act of Ohio, which neither of itself, nor by its application, involved in any way a repugnancy to the Constitution of the United States, by impairing the obligation of a contract.

The case of the Commercial Bank of Cincinnati *v.* Buckingham's Executors, (5 How. 317,) examined and sustained.

THIS case was brought up, by writ of error, from the Supreme Court of the State of Ohio, under the 25th section of the Judiciary Act.

As the case was decided upon the point of jurisdiction, it will be necessary to state only so much of it as to show what the question was which came before this court. See 18 Ohio Rep. 151.

James H. Walker and John Walker, partners in trade, under the name of J. H. and J. Walker, brought a writ against the plaintiffs in error in the Hamilton Court of Common Pleas, in Ohio. The action was brought to recover $2,000 from the plaintiffs in error, as directors, stockholders, or otherwise interested in an association known as the Cincinnati and Whitewater Canal Company. The evidence upon the trial was, that the plaintiffs had become the holders of a large amount of such notes as the following :

No. 18667.                        D.

1                                   1

The Cincinnati & Whitewater Canal Co. promise to pay one dollar to R. McCurdy, or order, twelve months after date, for value received, at their office, Cincinnati, 9th Nov. 1840.

· SAM. E. FOOTE, *Sec'y.*              J. BONSALL *Pres't.*

No. 1. Indorsed " R. McCurdy."

The court charged the jury as follows : —

That, if the paper was issued under the directions or orders of the defendants, and intended to circulate as currency, they would be liable in this action, whether issued for the individual benefit of the defendants or for the benefit of the Cincinnati

13 *

and Whitewater Canal Company; that if the company had issued notes not intended to circulate as a currency, as bank paper generally does, in the ordinary form, but merely to pay off their creditors, the defendants would not be liable; that if the defendants, in issuing said notes, acted merely as directors of the Cincinnati and Whitewater Canal Company, and within the limits of their corporate powers, they would not be personally liable; but that said charter of said company did not authorize the issuing of notes designed or calculated to circulate as money, and therefore would not protect the defendants, if the jury should be satisfied that they issued such notes; that although, in ordinary cases, where notes are made payable to order, it may be necessary for a plaintiff to prove the indorsement, yet, if the jury find, in this case, that these notes were issued and intended to circulate as a currency, it is not necessary to prove the handwriting of the indorser, and the mere fact of the plaintiffs having the notes in their possession is *primâ facie* evidence of ownership.

The jury found a verdict for the plaintiffs, for $3,452.10.	ui

The Supreme Court of Ohio affirmed the judgment of the Court of Hamilton County, and gave the following certificate:

In this cause, the judgment of the Court of Common Pleas having been affirmed, it is now certified that this is the highest court of law in the State of Ohio, in which a decision of this suit could be had; and that there is drawn in question the validity of statutes of the State of Ohio, in which it is claimed by plaintiffs in error, those statutes are in violation of the Constitution of the United States; and which statutes have been held valid and binding by this court, notwithstanding such objections.   And this certificate is ordered to be made part of the record.

The defendants brought the case up to this court.

It was argued upon printed briefs by Messrs. *Fox*, *Walker*, and *Groʼsbeck* for the plaintiffs in error, and by *Mr. Chase*, with whom was *Mr. Rockwell*, for the defendants in error.

The question of jurisdiction was thus stated by one of the counsel for the plaintiffs in error, *Mr. Walker.*

This case comes before this court under that clause of the 25th section of the Judiciary Act, (1 U. S. Stat. at Large, 85,) which authorizes a writ of error to a State court in the case of "a final judgment in any suit in the highest court of law of a State in which the decision in the suit could be had, where is drawn in question the validity of a statute of a State, on the ground of its being repugnant to the Constitution of the United States, and the decision is in favor of such its validity."

This state of fact appears on the face of the record. The validity of the statute of Ohio, of March 18, 1839, "further to amend the act entitled 'an act to prohibit the issuing and circulating of unauthorized bank paper,'" (Swan's Stat. 140,) was drawn in question. It was drawn in question upon the ground that it was repugnant to the Constitution of the United States, because it impaired the obligation of the contract made by the State of Ohio with the Whitewater Canal Company, in the act incorporating the latter; and the decision of the State court — the highest court of law in the State in which the decision could be had — was in favor of the validity of that statute.

The case therefore arises where this court may entertain jurisdiction. Commonwealth Bank of Kentucky v. Griffith, 14 Peters, 56.

On the other hand, the counsel for the defendant in error contended that this court has no jurisdiction. It is not a case in which was drawn in question the validity of a statute of a State, on the ground of its being repugnant to the Constitution of the United States, and in which the decision was in favor of such its validity.

1. The case is within the decision of the court in the case Commercial Bank v. Buckingham, 5 Howard, 317.

The defendants below did not claim that the acts of Ohio were unconstitutional; their claim was that those statutes imposed a penalty for their violation, and that thus the action was barred in four years under the general statute of limitation of the State. The Supreme Court of Ohio decided otherwise; and as they claim erroneously, and they *now* claim on account of that erroneous decision to give this court jurisdiction.

2. It does not appear from the record that the question was raised at the trial as to the constitutionalty of the Ohio statutes of 1816 and 1839.

Nothing of the kind is shown, or to be inferred, from the pleadings in the case.

From the bill of exceptions it appears that the plaintiffs in error excepted, on three grounds, to the admission of testimony, and claimed the charge of the Judge to the jury on nine points but no one of them has any reference to, nor in any manner involves this question.

The charge itself presents no such question; no reference whatever is made to any such question in the assignments of errors in the Court of Common Pleas or Supreme Court of Ohio.

The only thing on the record, showing that the constitutional validity of any law was in question, is found in the certificate ordered by the court to be entered on the record, (p. 19,) "that there is drawn in question the validity of statutes of the State of

Ohio," &c., without saying what statutes, or on what ground the decision was made, or in what manner statutes of Ohio were connected with the subject-matter of the case before the court; nor is there any thing in any part of the record showing that these statutes of 1816 and 1839 were in question, nor any reference made to them.

Mr. Justice WAYNE delivered the opinion of the court.

We do not think that this court has jurisdiction of this case. We cannot find in the record, nor can it be inferred from any part of it, (the certificate of the Supreme Court included) which of the statutes of Ohio were declared to be valid, which has been alleged to be in conflict with the Constitution of the United States.

The 25th section of the act to establish the judicial courts of the United States, requires something more definite than such a certificate, to give to this court jurisdiction.

The conflict of a State law with the Constitution of the United States, and a decision by a State court in favor of its validity, must appear on the face of the record, before it can be reëxamined in this court. It must appear in the pleadings of the suit, or from the evidence in the course of trial, in the instructions asked for, or from exceptions taken to the ruling of the court. It must be, that such a question was necessarily involved in the decision, and that the State court would not have given a judgment without deciding it.

The language of the section is, that no other cause can be assigned, or shall be regarded as a ground of reversal, than such as appears on the face of the record.

This certificate is, that the Supreme Court of Ohio held that certain statutes of Ohio were valid, which had been alleged to be in violation of the Constitution of the United States, without naming what those statutes were. This is neither within the letter nor spirit of the act.

If permitted, it would make the State courts judges of the jurisdiction of this court, and might cause them to take jurisdiction in cases in which conflicts between the State laws and the Constitution and the laws of the United States did not exist.

The statutes complained of in this case should have been stated. Without that, the court cannot apply them to the subject-matter of litigation, to determine whether or not they violated the Constitution or laws of the United States.

This court has already passed upon a certificate of a like kind from Ohio, in the case of the Commercial Bank and Eunice Buckingham's Executors, 5 How. 317. That was more to

the purpose than this, but it was declared to be insufficient to give jurisdiction to this court. In that case it was certified that the plaintiffs in error relied upon the charter granted them in February, 1829, and the 4th section of it was given; and they claimed, if a section of an act of 1824 was applied in the construction of their charter, that it would be a violation of the Constitution of the United States, because it impaired the obligation of a contract. It was also stated tha. the objection had been overruled, and that a decision had been given in favor of the validity of the act of 1824. When the case was considered here, we first examined our jurisdiction under the 25th section, and determined against it. Not because we did not think that the certificate was a part of the record, or that it did not show sufficiently the act which the plaintiffs in error alleged could not be applied in that case without impairing the obligation of a contract, but because we thought, from our view of the entire record, that the only question which was raised on the trial of the case in the State court, was one of construction of two Ohio statutes. And that was, whether or not the bank was legally liable to pay on account of its refusal to pay its notes in specie, the six per cent. imposed by the act of 1824, as a penalty for such refusal, in addition to the twelve per cent. imposed by its charter. The constitutionality of the act of 1824 was not denied. Indeed, it was admitted. But it was urged that the application to make the bank pay the penalty imposed by it, and twelve per cent. besides, would impair the obligation of a contract which the State had made with the corporation in their charter. Here, then, the validity of the act of 1824 was not drawn in question, on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, nor was a point raised for the construction of any clause of the Constitution, of a treaty, or of a statute of the United States. The admission of the constitutionality and validity of the act of 1824, only raised a question of construction of two State statutes, one of which it was said would be repugnant to the other, if its penalty should be applied to the bank, in addition to that imposed by its charter, without words implying that the bank would not be liable to an universal statute, passed before the bank was chartered, which imposes six per cent. upon all banks which should refuse to pay their notes in specie. The court decided, that the bank was liable to the penalty of the act of 1824, but it erroneously supposed, because a constitutional point had been made in the argument, that it was one which necessarily arose from the case itself, and that it could not give a judgment in the case upon its merits without deciding that it involved the question of a conflict with the Constitution of the United States.

It was in that view of the case that this court said, in its opinion, — " It is not enough that the record shows that the plaintiff contended and claimed, that the judgment of the court impaired the obligation of a contract and violated the provision of the Constitution of the United States, and that this claim was overruled by the court, but it must appear by clear and necessary intendment, from the record, that the question must have been raised and must have been decided in order to induce the judgment." And it was also in this view, when one State statute was said to be repugnant to another, both being admitted to be constitutional, that it was said in that case, " It is the peculiar province and privilege of the State courts to construe their own statutes," and when they did so, "it was no part of the functions of this court to review their decisions," or, in such cases, "to assume jurisdiction over them, on the pretence that their judgments have impaired the obligation of contracts."

Having said that this court had not jurisdiction in this case on account of the insufficiency of the certificate, we now say, if it could be made as definite as that in the case of Buckingham's Executors, by inserting in it the statutes of Ohio, which the court supposed involved a constitutional question, that it would not give this court jurisdiction. Then the cases would be so much alike that the Buckingham case would rule this as to the question of jurisdiction. In the Buckingham case it was urged that the penalty, in a general statute upon banks, for refusing to pay their notes in specie, could not be imposed upon a bank subsequently chartered, in addition to the penalty imposed by its charter, without a violation of the Constitution of the United States. It is urged, in argument in this case, that a statute passed in 1816, entitled " an act to prohibit the issuing and circulating of unauthorized bank paper," which was amended in 1839; could not be applied to make the defendants liable to pay notes which were issued in 1840 by a canal company, in its corporate name, and which notes were meant for circulation in the community as bank paper. It was not contended that the canal company could legally issue such paper for circulation as money, though it was said they could give notes payable to order in payment of its debts.

It was not denied that the company could give notes in payment of debts, but it was said, that they could not make them for that purpose and for circulation, as bank paper. The point then raised for decision, was, whether the canal company could do so, without making its stockholders and directors liable to pay them to the holders of the notes, under the statute of 1816, amended in 1839. The Supreme Court decided that the defendants in this case, being directors and stockholders of the

Lawler et al. v. Walker et al.

canal company were liable, by the statutes of 1816 and 1839, to pay such notes. It seems to us, that the statement gives its own answer, and that the Supreme Court, in making its decision, only gave a construction to an act of Ohio, which neither of itself, nor by its application, involved in any way a repugnancy to the Constitution of the United States, by impairing the obligation of a contract. Whether the construction of the act and the charter of the canal company was correct, or not, we do not say. We do not mean to discuss that point, or to give any opinion upon it; but we mean to say, that the construction does not violate a constitutional point under the 25th section of the Judiciary Statute, so as to give this court jurisdiction of this cause.

If more was wanting in aid of our conclusion, it is to be found in the pleadings in the case, in the evidence given on the trial, the objections made to the admissibility of certain parts of it, in the prayers of the defendant to the court to instruct the jury, and in the charge which the court gave. By no one of them is a constitutional question raised. It was only suggested, in argument, and on that account it was, that the court certified that the "validity of statutes of Ohio was drawn into question, which were said to be in violation of the Constitution of the United States, and not because the court considered, that such a point had been rightly raised before it, under the 25th section of the Judiciary Act of 1789."

We do not think it necessary to repeat any thing which this court has hitherto said, from an early day to the present, concerning the 25th section. Its interpretation will be found in the case of Crowell v. Randall, 10 Peters, 308; in other cases, cited in that case; and in Armstrong v. The Treasurer of Athens County, 16 Peters, 281. We shall direct this suit to be dismissed for want of jurisdiction.

### Order.

This cause came on to be heard on the transcript of the record from the Supreme Court of the State of Ohio, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this cause be, and the same is hereby, dismissed, for the want of jurisdiction.