JOSHUA MAXWELL AND HENRY N. WALKER, PLAINTIFFS IN ERROR, v. ALEXANDER H. NEWBOLD AND OTHERS.

In order to give jurisdiction to this court, under the 25th section of the judiciary act of 1789, it must appear by the record that one of the questions stated in the section did arise, and was decided in the state court; and it is not sufficient that it might have arisen or been applicable; it must appear that it did arise, and was applied.

This rule was established in the case of Crowell v. Randall, 10 Pet. 368, and has been since adhered to.

Hence an allegation that "the charge of the court, the verdict of the jury, and the judgment below are each against, and in conflict with, the constitution and laws of the United States, and therefore erroneous," is too general and indefinite to come within the provisions of the act of congress or the decisions of this court.

The clause in the constitution and the law of congress should have been specified by the plaintiffs in error in the state court, in order that this court might see what was the right claimed by them, and whether it was denied to them by the decision of the state court.

THIS case was brought up from the supreme court of the State of Michigan, by a writ of error issued under the 25th section of the judiciary act.

The facts are fully set forth in the opinion of the court.

It was argued by *Mr. Lawrence* and *Mr. Haven,* for the

plaintiffs in error, and *Mr. Cushing*, (attorney general,) for the defendants.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case comes before the court upon a writ of error to the supreme court of the State of Michigan.

The facts in the case, so far as they are material to the decision of this court, are as follows:—

The steamboat Globe was built in the State of Michigan, and by the laws of that State the persons who furnish materials for her construction had a lien upon her, and had a right to enforce their claims by a proceeding *in rem* against the vessel. Before these claims were discharged she was removed to Cleaveland, in the State of Ohio, where she received her machinery and was fitted out; and for the debts thus incurred the Ohio creditors, like those in Michigan, had a lien on the vessel, and were authorized to proceed against her by attachment and seizure.

Afterwards, when the steamboat was in the port of Cleaveland, the Ohio creditors obtained process against her, and she was seized, condemned, and sold, according to the laws of that State, to satisfy these liens. A certain E. S. Sterling became the purchaser at this sale, and afterwards sold her to Maxwell, one of the plaintiffs in error.

After these proceedings, the steamboat returned to Michigan, and was there seized by virtue of the prior lien created by the laws of that State, as above mentioned. The party at whose instance and for whose benefit the proceeding was instituted under the Michigan lien, had filed his claim in the previous proceedings in Ohio, but was permitted by the court to withdraw it without prejudice.

The plaintiffs in error, who were the owners, or had an interest in the steamboat, appeared in the Michigan court to defend her against this claim. And the principal ground of defence appears to have been, that the sale in Ohio was not made subject to the prior liens in Michigan; that it was an absolute and unconditional sale, made by competent judicial authority, and vested the property in the purchaser, free and discharged from all previous liens and incumbrances.

The record contains the pleadings, evidence, and admissions of the parties in relation to these transactions, and the proceedings in the state courts. But it is unnecessary to state them at large, as the above summary is sufficient to show the matter in controversy in the state courts, and how the questions raised in the state courts were brought before them.

At the trial in the circuit court of Michigan, the defendants

in error, who were plaintiffs in that court, prayed the court to give the following instructions to the jury:—

"1. That if the jury should find, from the evidence adduced in this cause, that the steamboat Globe, mentioned in the declaration, has been constructed and built in this State, and was used in navigating the waters thereof, and that the debt, claim, or demand, for which she was attached by the plaintiff, has been contracted in this State by the owners, joint owner, or agent thereof, on account of supplies furnished by said plaintiff for the use of said boat, or on account of work done, or materials furnished by said plaintiffs in or about the building, fitting, furnishing, or equipping of said boat in said State; that then said plaintiff acquired and had a lien on said boat for said debt, claim, or demand, under and by virtue of the law of this State.

"2. That if the jury should be of the opinion, from said evidence, that said claim or demand of said plaintiff constituted a lien on said boat, which had been acquired as aforesaid, and that the contracting paties were then citizens of this State, then that such lien had not been displaced or affected by the legal proceedings resorted to in the court of Ohio, exemplifications of which were introduced in evidence by the defendants; that if any title was acquired under the same, or the laws of Ohio, such title is subordinate to the lien acquired by the plaintiff in this State, by virtue of the laws thereof; that such proceedings do not constitute a valid defence to this action, and that said boat, on coming within the jurisdiction of this court, was subject to be attached for said claim."

And the plaintiffs in error asked for the following instructions on their part:—

"1. That the facts contained in the notice of defendants, and which are admitted as true by the plaintiffs, constitute in law a defence to the plaintiffs' action. 2. That the sale under the laws of Ohio, if fair and *bonâ fide*, constitutes a defence to a purchaser under such laws to a prosecution by a creditor under the laws of this State, such as the plaintiffs in this case have shown themselves to be. 3. That defendant Maxwell's title is good against the lien or claim of the plaintiff Wight in this cause, even if that of Sterling was not. 4. That the filing of the plaintiff's claim in the Ohio court precludes him from raising the objection that such court had no jurisdiction of his rights so as to devest his lien by a sale in that State. 5. That a lien under the statutes of this State, though valid in its inception, cannot be enforced against a purchaser in good faith under a sale under the laws of the State of Ohio, so given in evidence."

Whereupon the court gave the instructions asked for by the

defendants in error, and refused those requested by the plaintiffs, who, thereupon, excepted to these opinions, and the verdict and judgment in that court being against them, they removed the case to the supreme court of the State, and assigned there the following errors, for which they prayed that the judgment of the circuit court might be reversed :—

"1. The court erred in charging the jury, as requested by the plaintiffs below, and upon the points and to the effect stated more fully in the bill of exceptions filed herein, and to which reference is hereby had.

"2. The court erred in refusing to charge the jury as requested by the defendants below, upon the points and to the effect stated in the bill of exceptions filed herein, and to which, for fuller particularity, reference is hereby had.

"3. The charge of the court, the verdict of the jury, and the judgment below, are each against and in conflict with the constitution and laws of the United States, and therefore erroneous.

"4. By the record aforesaid, it appears that the judgment was given against the plaintiffs in error, whereas, by the law of the land, the said judgment should have been in favor of the plaintiffs in error, and against the defendants in error."

But the supreme court, it appears, concurred in opinion with the circuit court and affirmed its judgment; and the plaintiffs in error have now brought the case before this court by writ of error, and have assigned here the following errors :—

"1. By the record aforesaid it appears that judgment was given against the plaintiffs in error; whereas, by the law of the land, and under the evidence appearing in the bill of exceptions, the judgment should have been rendered in favor of the plaintiffs in error.

"2. There was drawn in question in this suit, as appears by the said record, a statute of the United States; and the decision and judgment of the said supreme court of the State of Michigan was against the validity of such statute.

"3. The said supreme court of the State of Michigan erred in deciding that the said proceedings, judgment, and sale had in the State of Ohio was not a bar to the claim prosecuted in this suit.

"4. The said supreme court erred, in that it did not give to the said records of judicial proceedings and sale of the steamboat Globe, had in the State of Ohio, the same faith and credit as they have by law in the said State of Ohio."

Upon these proceedings, as they appear in the record before us, the first question to be considered is, whether any point appears to have been decided in the supreme court of the State, which will authorize this court to affirm or reverse its judgment,

under the 25th section of the act of congress of 1789.. The error alleged here is that it did not give to the records of the judicial proceedings and sale of the steamboat, had in Ohio, the same faith and credit that they have by law in that State. But to bring that question for decision in this court, it is not sufficient to raise the objection here, and to show that it was involved in the controversy in the state court, and might, and ought, to have been considered by it when making its decision. It must appear on the face of the record that it was in fact raised; that the judicial mind of the court was exercised upon it; and their decision against the right claimed under it.

It is true, that in some of the earlier cases, when writs of error to state courts were comparatively new in this court, a broader and more comprehensive rule was sometimes recognized. And in the case of Miller v. Nicholls, 4 Wheat. 311, it was said to be sufficient, to give jurisdiction, that an act of congress was applicable to the case. But experience showed that this rule was not a safe one; and that it might sometimes happen, that although in one view of the subject an act of congress or a clause of the constitution might be applicable to a case, yet the state court, upon a different view of the case, might have decided upon principles of state law altogether independent of any provision in the constitution or laws of the United States, and in nowise in conflict with either. And if this court reversed the judgment, upon the assumption that a right claimed under the constitution or laws of the United States, and to which the party was entitled, had been denied to him, the reversal would sometimes be for a supposed error which the state court had not committed, and upon a point which the state court had not decided. Other cases might be referred to, in which expressions are used in the opinion of the court that might seem in some measure to sanction the doctrine in Miller v. Nicholls; but the general current of the decisions, from the earliest period of the court, will be found to maintain the rule which we have hereinbefore stated. And as this want of harmony in the decisions and language of the court was calculated to mislead and embarrass counsel in the prosecution of writs of error to state courts, this court, at the January term of 1836, when the subject was again brought before it, in the case of Crowell v. Randall, 10 Pet. 368, determined to give the subject a careful and deliberate examination, in order to remove any doubts which might have arisen from previous decisions. Accordingly, all of the preceding cases are reviewed and commented on in the opinion delivered by the court in that case, and the doctrine clearly announced, that, in order to give jurisdiction to this court, it must appear by the record that one of

the questions stated in the 25th section of the act of 1789 did arise, and was decided in the state court; and that it was not sufficient that it might have arisen or been applicable—it must appear that it did arise and was applied. This rule has been uniformly adhered to since the decision of that case. We think it the true one; and the only one, consistent with the spirit and language of the section referred to, which so carefully and plainly limits the authority which it confers upon this court over the judgments of state tribunals.

Applying this principle to the case before us, the writ of error cannot be maintained. The questions raised and decided in the state circuit court, point altogether for their solution to the laws of the State, and make no reference whatever to the constitution or laws of the United States. Undoubtedly, this did not preclude the plaintiffs in error from raising the point in the supreme court of the State, if it was involved in the case as presented to that court. And whether a writ of error from this court will lie or not, depends upon the questions raised and decided in that court. But neither of the questions made there by the errors assigned refer in any manner to the constitution or laws of the United States, except the third, and the language of that is too general and indefinite to come within the provisions of the act of congress, or the decisions of this court. It alleges that the charge of the court was against, and in conflict with, the constitution and laws of the United States. But what right did he claim under the constitution of the United States which was denied him by the state court? Under what clause of the constitution did he make his claim? And what right did he claim under an act of congress? And under what act, in the wide range of our statutes, did he claim it? The record does not show—nor can this court undertake to determine that the question as to the faith and credit due to the record and judicial proceedings in Ohio, was made or determined in the state court, or that that court ever gave any opinion on the question. For aught that appears in the record, some other clause in the constitution, or some law of congress may have been relied on, and the mind of the court never called to the clause of the constitution now assigned as error in this court.

This case cannot be distinguished from the case of Lawler *v.* Walker and others, 14 How. 149. In that case the state court certified that there was drawn in question the validity of statutes of the State of Ohio, &c., without saying what statutes. And in the opinion of this court dismissing the case for want of jurisdiction, they say: " The statutes complained of in this case should have been stated; without that, the court cannot apply them to the subject-matter of litigation to determine whether or

not they violated the constitution of the United States." So in the case before us, the clause in the constitution and the law of congress should have been specified by the plaintiffs in error in the state court, in order that this court might see what was the right claimed by them, and whether it was denied to them by the decision of the state court.

Upon these grounds we think this writ of error cannot be maintained, and therefore dismiss it for want of jurisdiction.