LEVY *v.* SUPERIOR COURT OF SAN FRANCISCO
(Department 9).

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 294.   Argued April 26, 1897. — Decided May 10, 1897.

*Oxley Stave Co.* v. *Butler County*, 166 U. S. 648, followed to the point that " the jurisdiction of this court to reëxamine the final judgment of a state court cannot arise from inference, but only from averments so distinct and positive as to place it beyond question that the party bringing a case here from such court intended to assert a Federal right."

THE case is stated in the opinion.

*Mr. William A. Maury* for plaintiff in error.

No appearance for defendant in error.

MR JUSTICE HARLAN delivered the opinion of the court.

The plaintiff in error filed in the Supreme Court of the State of California a petition, praying, for the reasons therein stated, that a writ of prohibition be granted against the Superior Court of the city and county of San Francisco and the judge thereof, commanding that court and judge to refrain from trying or examining further into the allegations and issues of fact in a certain pending proceeding therein

relating to the estate of Morris Hoeflich, deceased. An alternative writ of prohibition having been issued in accordance with the prayer of the petition, the defendants filed an answer as well as a demurrer upon the ground that the facts stated in the petition did not entitle the plaintiff to a writ of prohibition.

Upon final hearing the writ was denied. From that order the present writ of error was prosecuted.

From the opinion of the Supreme Court of California it appears that the proceedings in the Superior Court of San Francisco, which were called in question by the application for the writ of prohibition, were taken under and in pursuance to sections 1459 and 1460 of the Civil Code of Procedure of that State. The opinion says: " Petitioner contends that these provisions of the code are unconstitutional and void, and that the proceeding in the Superior Court is, therefore, without warrant of law. His position is that they are obnoxious to several features of the constitution of the State, and more particularly to section 3 of article I, which provides that 'No person shall . . . be compelled in any criminal case to be a witness against himself'; and to section 19 of the same article, which provides that 'the right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches, shall not be violated.'

" These two provisions of the constitution are of well-understood significance; they involve like principles, and in considering the objection made may be regarded as one.

" The argument of petitioner is that these sections of the code referred to are distinctly penal in character, and contemplate a proceeding which is in its essential nature criminal, within the meaning of the above provisions of the constitution ; that being a criminal proceeding, petitioner is protected by the constitution from being compelled to testify against himself or submit his books and papers in evidence.

" There is no question that if petitioner's premises are correct his conclusion follows necessarily. But his construction of the provisions in question cannot be sustained. These provisions have received a construction at the hands of this

court directly at variance with that put upon them by petitioner. Sections 1458 to 1461 of the Code of Civil Procedure were, prior to the adoption of the codes, a part of the old probate act, as sections 116 to 119; they are a part of the same article and relate to the same subject which is expressed in the title as ' embezzlement and surrender of property of the estate.' " 105 California, 600.

It appears also from the opinion of the Supreme Court of the State that the petitioner relied largely in support of his position upon *Boyd* v. *United States*, 116 U. S. 616, and *Counselman* v. *Hitchcock*, 142 U. S. 547.

This writ of error must be dismissed for want of jurisdiction in this court to reëxamine the final judgment of the Supreme Court of California. The plaintiff claimed, in the state court, that certain provisions of the state enactment referred to were repugnant to the constitution of California. But he did not, in the state court, draw in question any statute of the State upon the ground that it was repugnant to the Constitution of the United States, nor specially set up or claim in that court any right, title, privilege or immunity under the Constitution of the United States. Rev. Stat. § 709. He insists, in this court, that the enforcement of the above statutory provisions was a denial of the equal protection of the laws — a denial forbidden by the Fourteenth Amendment of the Constitution of the United States. But the record does not show that he made any such claim in the state court. The reference in the opinion of that court to the cases of *Boyd* v. *United States* and *Counselman* v. *Hitchcock* was for the purpose of ascertaining the proper construction of certain provisions of the constitution of California, not as defining rights asserted by the plaintiff under the Constitution of the United States. From the pleadings in the cause the state court had no reason to suppose that the plaintiff specially claimed that the statute in question deprived him of any right secured by the Constitution of the United States. We said in *Oxley Stave Co.* v. *Butler County*, 166 U. S. 648, that " the jurisdiction of this court to reëxamine the final judgment of a state court cannot arise from inference, but only from averments so dis-

tinct and positive as to place it beyond question that the party bringing a case here from such court intended to assert a Federal right." See also. *Louisville & Nashville Railroad Co.* v. *City of Louisville*, 166 U. S. 709. If the plaintiff intended to claim that the statute in question' was repugnant to the Constitution of the United States, he should have so declared.

*Writ of error dismissed.*