## SCUDDER v. COMPTROLLER OF NEW YORK.

ERROR TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK, STATE OF NEW YORK.

No. 55. Argued October 18, 1899. — Decided October 30, 1899.

A judgment of the highest court of a State, upholding the validity of a tax assessed under a statute of the State, upon money deposited with a trust company in the State by a resident of another State, cannot be reviewed by this court on writ of error upon the ground that the proceedings were repugnant to the Constitution of the United States, when no such ground appears to have been taken by the plaintiff in error, or considered by any court of the State, before the final judgment.

THE case is stated in the opinion.

*Mr. J. Culbert Palmer* for plaintiff in error.

*Mr. Emmet R. Olcott* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a proceeding commenced September 27, 1895, in the surrogate's court, by the comptroller of the city and county of New York, for the taxation of property of John F. Houdayer, deceased, under the statute of New York of 1892, c. 399, entitled "An act in relation to taxable transfers of property," the material provisions of which were as follows:

"SEC. 1. A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, in the following cases:

"1. When the transfer is by will, or by the intestate laws of this State, from any person dying seized or possessed of the property while a resident of the State.

"2. When the transfer is by will or intestate law, of property within the State, and the decedent was a non-resident of the State at the time of his death."

"SEC. 22. The words 'estate' and 'property,' as used in this act, shall be taken to mean the property or interest therein of the testator, intestate, grantor, bargainor or vendor, passing or transferred to those not herein specifically exempted from the provisions of this act, and not as the property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees or vendees, and shall include all property or interest therein, whether situated within or without this State, over which this State has any jurisdiction for the purpose of taxation. The word 'transfer,' as used in this act, shall be taken to include the passing of property, or any interest therein, in possession or enjoyment,

present or future, by inheritance, descent, devise, bequest, grant, deed, bargain, sale or gift, in the manner herein pre-, scribed." 1 Laws of New York of 1892, pp. 814, 815, 822.

The case, as stated by the Court of Appeals, was this: "On May 21, 1895, John F. Houdayer died intestate at Trenton, New Jersey, where he had resided for a number of years. In 1876 he opened an account with the Farmers' Loan and Trust Company of the city of New York as trustee under the will of Edward Husson, deceased, in which he made deposits from time to time of moneys belonging to the trust estate, as well as moneys belonging to himself. This continued as an open running account until his death, when the balance on hand was the sum of $73,715, of which $2000 belonged to him as trustee, and the remainder to himself as individual. The appraiser deducted $3500 for the payment of debts and expenses, and included $68,215 in the appraisal, which was affirmed by the surrogate, but reversed by the Supreme Court." 150 N. Y. 37; 3 N. Y. App. Div. 474.

On October 6, 1896, the Court of Appeals reversed the order of the Supreme Court, and affirmed the order of the surrogate.

On April 4, 1898, the administrator of Houdayer sued out a writ of error from this court, as against the comptroller, and assigned the following errors:

"First. That the property in question being situated in the State of New Jersey, of which State also the decedent was a resident at the time of his decease, the laws of the State of New York have no application thereto, nor have the courts of New York jurisdiction thereof.

"Second. That by the law, as interpreted by the decision and judgment herein, the legislature of the State of New York attempts to exercise jurisdiction beyond the State, and to affect contracts and rights of a citizen of another State, which are protected by the Constitution and laws of the United States and the judicial power granted to its courts, and violates and interferes with the sovereignty of the State of New Jersey.

"Third. That the act of the legislature of the State of New

York, herein referred to, as applied to the facts and circumstances of this case, or the act done under the authority of the State of New York here complained of, is unconstitutional and void as being repugnant to section 10 of article 1 of the Constitution of the United States, in that it impairs the obligation of the contract between a non-resident depositor and the Farmers' Loan and Trust Company of New York.

" Fourth. That the said act of the legislature, as interpreted by the decision herein, is repugnant to the Fifth Amendment of the Constitution of the United States, which provides that private property shall not be taken for a public use without just compensation.

" Fifth. That the said act of the legislature, as interpreted by the decision herein, is repugnant to section 1 of the Fourteenth Amendment of the Constitution of the United States, by which States are forbidden to deprive citizens of life, liberty or property without due process of law."

But the difficulty which lies at the threshold of the consideration of this writ of error is that none of the points taken in the assignment of errors appear by the record to have been made in any of the courts of the State.

The only statements of the grounds of the administrator's objections to the proceedings below are these two : 1st. His affidavit filed before the appraiser appointed by the surrogate, averring " that he objects to such proceedings, and opposes a levy of any such tax upon such amount so on deposit, and claims that said deposit is exempt under the laws and not subject to taxation." 2d. His appeal to the surrogate from the formal order of assessment, taken " on the ground that the deposit in the Farmers' Loan and Trust Company of $71,715, standing at the time of the decedent's death in his name as trustee, was a chose in action belonging to a non-resident decedent, and not property within this State subject to taxation under the provisions of the act in relation to taxable transfers of property ; that the situs of the claim of the decedent against such deposit was at the domicil of the decedent, and not at the domicil of the said depository, and such property being the property of a non-resident decedent,

and situated out of this State, the same does not fall within the purview of said act."

Both these statements clearly refer to the laws of New York, and not to the Constitution of the United States. And the opinion of the Supreme Court, as well as that of the Court of Appeals, turns upon the question whether the sum due from the Farmers' Loan and Trust Company of the city of New York to the intestate at the time of his death was "property within the State," within the meaning of the statute of 1892.

No mention of the Constitution of the United States, or of any provision thereof, by the plaintiff in error, or by the court, is to be found at any stage of the case while it was pending in the courts of the State of New York; and it is impossible, upon this record, to avoid the conclusion that it never occurred to the plaintiff in error to raise a Federal question until after the case had been finally decided against him in the highest court of the State.

In order to give this court jurisdiction of a writ of error to review a judgment which the highest court of a State has rendered in favor of the validity of a statute of or an authority exercised under a State, the validity of the statute or authority must have been " drawn in question " " on the ground of their being repugnant to the Constitution, laws or treaties of the United States." When no such ground has been presented to or considered by the courts of the State, it cannot be said that those courts have disregarded the Constitution of the United States, and this court has no jurisdiction. Rev. Stat. § 709 ; *Murdock* v. *Memphis*, 20 Wall. 590, 633, 634 ; *Levy* v. *Superior Court of San Francisco*, 167 U. S. 175 ; *Miller* v. *Cornwall Railroad,* 168 U. S. 131 ; *Columbia Water Power Co.* v. *Columbia Railway*, 172 U. S. 475, 488, and cases there cited.

*Writ of error dismissed for want of jurisdiction.*