# YAZOO AND MISSISSIPPI RAILROAD COMPANY *v.* ADAMS.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 80. Submitted October 22, 1900.—Decided January 7, 1901.

A writ of error to the Supreme Court of a State cannot be sustained when the only question involved is the construction of a charter or contract, although it appear that there were statutes subsequent to such charter which might have been, but were not, relied upon as raising a Federal question concerning the construction of the contract. If the sole question be whether the Supreme Court has properly interpreted the contract, and there be no question of subsequent legislative impairment, there is no Federal question to be answered. The court is not bound to search the statutes to find one which can be construed as impairing the obliga-

tion of the charter, when no such statute is set up in the pleadings or in
the opinion of the court.

Such omission cannot be supplied by the certificate of the Chief Justice
that, upon the argument of the case, the validity of the subsequent leg-
islation was drawn in question, upon the ground of its repugnancy to the
Constitution of the United States.

THIS was an action begun in the circuit court of Hinds
County, Mississippi, by Adams, as state revenue agent, suing for
the use and benefit of certain cities and towns through which
the defendant railway runs, to recover municipal taxes upon its
property for the years 1893 to 1896, inclusive.

A demurrer to the declaration having been sustained upon
the ground that the exemption claimed by defendant in its
charter was perpetual and unconditional as to the municipal
taxes, an appeal was taken to the Supreme Court which reversed
the action of the circuit court, and remanded the case for a new
trial. 75 Mississippi, 275. An amended declaration having been
filed claiming taxes from 1886 to 1897 inclusive, defendant in-
terposed pleas (1) of the general issue; (2) that defendant was
organized under an act of February 17, 1882, containing the
following provision in section 8: "That in order to encourage
the investment of capital in the works which said company is
hereby authorized to construct and maintain, and to make cer-
tain in advance of such investment, and as an inducement and
consideration therefor, the taxes and burdens which this State
will and will not impose thereon, it is hereby declared that said
company, its stock, its railroads and appurtenances, and all its
property in this State, necessary or incident to the full exercise
of all the powers herein granted—not to include compresses and
oil mills—shall be exempt from taxation for a term of twenty
years from the completion of said railroad to the Mississippi
River, but not to extend beyond 25 years from the date of the
approval of this act; and when the period of exemption herein
prescribed shall have expired, the property of said railroad may
be taxed at the same rate as other property in this State. All
of said taxes to which the property of said company may be
subject in this State, whether for county or State, shall be col-
lected by the treasurer of this State and paid into the state

treasury, to be dealt with as the legislature may direct; *but said company shall be exempt from taxation by cities and towns;*" that the railroad was completed to the Mississippi River, October 25, 1892, by a consolidation with the Louisville, New Orleans and Texas Railway Company, which had constructed and was then the owner of certain branches which reached the Mississippi River at several different points; (3) that after the company was organized, but before its line was finally located and constructed, the municipal authorities of the city of Jackson adopted an ordinance releasing the road from all city taxation for twenty years from date, provided it selected Jackson for its southeastern terminus, and provided further that the work on said road be commenced within one year and be completed within three years to Yazoo City; and that such ordinance was accepted and complied with by the defendant; (4) that, prior to the assessment of these taxes, defendant leased its road to the Illinois Central for a term of fifty years, which, until the bringing of this suit held and operated such road under such lease; that by its terms the Illinois Central agreed to pay and discharge all taxes assessed upon the defendant company; that under defendant's charter it was exempted from all municipal taxation; that the right of the legislature to make such exemption had been judicially recognized in the case of *Mississippi Mills* v. *Cook*, 56 Mississippi, 40, and that such exemption entered into and constituted a part of the aforesaid lease, and of the charter contract between the defendant and the State; and that " the said exemption, by said charter conferred, has never been repealed by the legislature of said State," but that during the four years named the legislature refused to pass bills introduced to repeal such exemption.

A new trial resulted in a verdict for the plaintiff, which was affirmed by the Supreme Court. 76 Mississippi, 545. Hence this writ of error.

*Mr. William D. Guthrie* and *Mr. Edward Mayes* for appellants. *Mr. Noel Gale, Mr. James Fentress* and *Mr. J. M. Dickinson* were on their brief.

*Mr. F. A. Critz* and *Mr. Marcellus Green* for appellees.
*Mr. R. C. Beckett* was on their brief.

Mr. Justice Brown, after stating the case, delivered the opinion of the court.

Motion was made to dismiss for the want of a Federal question. The ground of the motion is that, while the second and fourth pleas set up the exemption contained in the charter from all municipal taxation, and the third pleads the exemption from city taxation by the ordinance of the mayor and aldermen of the city of Jackson, and inferentially at least, that these constitute a contract under which the road was built, there is not only no averment that this contract had been impaired by subsequent legislation, but no discussion of the case in that aspect by the Supreme Court, which held that under a proper construction of the charter the railroad company is not entitled to an exemption from municipal taxation, because the road had never been completed to the Mississippi River. There was undoubtedly legislation both before and subsequent to the charter of this company, February 17, 1882, authorizing municipalities to impose taxes, but no allusion to them is made either in the pleadings, proofs or in the opinion of the Supreme Court.

The case then resolves itself into this: whether jurisdiction can be sustained when the only question involved is the construction of a charter or contract, although it appear that there were statutes subsequent thereto which might have been, but were not, relied upon as raising a Federal question concerning the construction of the contract. There is no doubt of the general proposition that, where a contract is alleged to have been impaired by subsequent legislation, this court will put its own construction upon the contract, though it may differ from that of the Supreme Court of the State. The authorities upon this point are very numerous, but they all belong to a class of cases in which it was averred that, properly construed, the contract was impaired by subsequent legislation; but, if the sole question be whether the Supreme Court has properly interpreted the contract, and there be no question of subsequent

legislative impairment, there is no Federal question to be answered. *Lehigh Water Co.* v. *Easton*, 121 U. S. 388.

To sustain our jurisdiction under the second clause of Rev. Stat. sec. 709, relied upon here, there must be drawn in question the validity of a state statute upon the ground of its being repugnant to the Constitution or laws of the United States; but of what state statute is the validity attacked in this case? None is pointed out in the record; none set up in the pleas; none mentioned in the opinion of the court. In fact, in the fourth plea it is expressly averred that "the exemption by said charter conferred has never been repealed by the legislature of the State;" and we are only asked to infer that certain statutes describing in detail methods of municipal taxation did in fact impair the obligation of the chartered contract. But are we bound to search the statutes of Mississippi to find one which can be construed as impairing the obligation of the charter? It is true that, in the first assignment of error in this court, it is averred that the Supreme Court of the State erred in rendering its judgment, whereby the tax provisions of the Annotated Code of 1892, providing for the office of revenue agent, and chapter 34 of the Laws of 1894, defining the powers of that office, "were given effect against the contract rights of the plaintiffs in error," contrary to the contract clause of the Constitution; but no mention is made of this in the assignments of error filed in the Supreme Court of the State, which were of the most general description, and no allusion is made to the Code of 1892 or of the act of 1894 in the opinion of the court.

There is a laxity of pleading, in failing to set up the subsequent law impairing the obligation of the contract, which ought not be encouraged. Granting that, as the case arose under the second clause of Rev. Stat. sec. 709, the invalidity of the statute need not be "specially set up and claimed," it must appear under the most liberal construction of that section that it was necessarily involved, and must indirectly, at least, have been passed upon in the opinion of the Supreme Court; but, for aught that appears, the very statutes under which this road was taxed were in existence before the road was chartered, although others, prescribing a different method of assessing

and collecting such taxes, may have been passed subsequent thereto. This subsequent legislation, however, may have had, and apparently did have, nothing to do with the disposition of the case.

Three recent cases in this court are pertinent in this connection. In *Central Land Co.* v. *Laidley*, 159 U. S. 103, an action of ejectment was brought by Laidley against the land company in a court of West Virginia. The case turned upon the defectiveness of a wife's acknowledgment to a deed of land. The Court of Appeals of Virginia, prior to the organization of the State of West Virginia, had in several cases held that acknowledgments in this form were sufficient; but the Court of Appeals of West Virginia in this case held it to be insufficient, and the change of the settled construction of the statute was charged as an impairment of the contract. This court held that under the contract clause of the Constitution, not only must the obligation of the contract be impaired, but it must have been impaired by some act of the legislative power of the State and not by decisions of the judicial department only. "The appellate jurisdiction of this court," said Mr. Justice Gray, "upon writ of error to a state court, on the ground that the obligation of a contract has been impaired, can be invoked only when an act of the legislature alleged to be repugnant to the Constitution of the United States has been decided by the state court to be valid, and not when an act admitted to be valid has been misconstrued by the court. The statute of West Virginia is admitted to have been valid, . . . and it necessarily follows that the question submitted to and decided by the state court was one of construction only, and not of validity." It was said by Mr. Justice Miller in *Knox* v. *Exchange Bank*, 12 Wall, 379, 383 : "We are not authorized by the judiciary act to review the judgments of the state courts because their judgments refuse to give effect to valid contracts, or because those judgments, in their effect, impair the obligation of contracts. If we did, every case decided in a state court could be brought here, where the party setting up a contract alleged that the court had taken a different view of its obligation to that which he held."

So also in *Turner* v. *Wilkes County Commissioners*, 173 U. S.

461; it was said that " this being a writ of error to a state court, we cannot take jurisdiction under the allegation that a contract has been impaired by a decision of that court, when it appears that the state court has done nothing more than construe its own constitution and statutes existing at the time when the bonds were issued, there being no subsequent legislation touching the subject." In this case, too, the plaintiff in error sought to take advantage of a change of judicial construction by the Supreme Court of the State, which had held that the bonds were void, because the acts under which they were issued were not valid laws, not having been passed in the manner directed by the constitution.

The case of the *Yazoo & Mississippi Valley Railroad Co.* v. *Thomas,* 132 U. S. 174, is much relied upon by the plaintiff in error, and is claimed to be full authority for the maintenance of the writ in this case. This was a bill by the plaintiff in error in the case under consideration to enjoin a collection of taxes upon its property. " The illegality complained of was that the tax was in violation of the company's charter, by which it was insisted the property of the company incident to its railroad operations was exempted from taxation ; and it was averred that the charter, as respects the exemption claimed, was a contract irrevocable, and protected by the contract clause of the Constitution of the United States; *that the unwarranted application of the general laws subsequently passed,* as well as the application of the general laws in force at the time, is equivalent to a direct repeal of the charter exemption ; that it is an effectual abrogation of its privilege of exemption by means of authority exercised under the State." Not only does it appear from the opinion that the taxes in question were assessed under an act passed in 1888, subsequent to the charter, but on reference to the original bill, which we have consulted for that purpose, we find that this act of April 3, 1888, was specially set up and pleaded in the bill, and was charged to be a violation of the charter contract, which exempted the orator's road from taxation, and that such application of said act was the same as a repeal or revocation of the granted exemption, and therefore in violation of the Constitution of the United States

forbidding such violation. In other words, the bill in that case not only pointed out the exemptions contained in the plaintiff's charter, but also set up the subsequent statute, which it was contended impaired the obligation of that contract. The bill thus contained the allegation which is wanting in this case, and put it in the power of this court to say whether the contract set up in the bill had been properly construed by the state court. This was also the case in *Columbia Water Power Co.* v. *Columbia Electric Street Railway Co.*, 172 U. S. 475, and *McCulloch* v. *Virginia*, 172 U. S. 102.

If jurisdiction in this case be sustained, it results that whenever a state court gives a certain construction to a contract, it is our duty to search the subsequent statutes and to find out whether there be one which, under a different construction of the contract, may be held to impair it. We must decline the obligation. As was said by the Chief Justice in *Powell* v. *Brunswick County*, 150 U. S. 433, 440 : " If it appear from the record by clear and necessary intendment that the Federal question must have been directly involved, so that the state court could not have given judgment without deciding it, that will be sufficient; but resort cannot be had to the expedient of importing into the record the legislation of the State as judicially known to its courts, and holding the validity of such legislation to have been drawn in question, and a decision necessarily rendered thereon in arriving at conclusions upon the matters actually presented and considered." See also *Louisville & Nashville Railroad Co.* v. *Louisville*, 166 U. S. 709, 715.

It is true that the Chief Justice of the Supreme Court certifies that upon the argument of this case the validity of legislation of the State of Mississippi subsequent to the statute of February 17, 1882, was drawn in question by the company upon the ground of its repugnacy to the Constitution of the United States; but we have repeatedly held that such certificate is insufficient to give us jurisdiction where it does not appear in the record, and that its office is to make more certain and specific what is too general and indefinite in the record. *Lawler* v. *Walker*, 14 How. 149 ; *Gross* v. *United States Mortgage Co.*, 108 U. S. 477. It is said in *Lawler's* case that " the

statutes complained of in this case should have been stated. Without that the court cannot apply them to the subject-matter of litigation to determine whether or not they have violated the Constitution or laws of the United States." See also *Railroad Co.* v. *Rock,* 4 Wall. 177; *Parmelee* v. *Lawrence,* 11 Wall. 36; *Powell* v. *Brunswick County,* 150 U. S. 433, and cases cited.

The writ of error is therefore

*Dismissed.*