# HOME FOR INCURABLES *v.* CITY OF NEW YORK.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 86. Argued and submitted November 12, 1902—Decided December 1, 1902.

If the jurisdiction of the Supreme Court of the United States is invoked on the ground that the judgment of the State court has denied a right, title, privilege or immunity secured by the Constitution of the United States, it should appear that such right, title, privilege or immunity was specially set up or claimed in the State court.

This court cannot acquire jurisdiction to review the final judgment of the highest court of the State by reason of a certificate of the Chief Justice of the State court, not made while the case was before it or under its control, stating that the party seeking the intervention of this court raised Federal questions before the State court. While it has been said in some cases that such a certificate is entitled to great respect, and in other cases that its office is to make that more certain and specific which is too general and indefinite in the record, the certificate is insufficient in itself to give jurisdiction or to authorize this court to determine Federal questions that do not appear in any form from the record to have been brought to the attention of the State court.

THE plaintiff in error, the Home for Incurables, filed its petition in the Supreme Court for the city and county of New York, alleging that at the date of the confirmation of a certain assessment for a sewer in East 184th Street from Vanderbilt Avenue west to Washington Avenue, etc., it was the owner of certain lots affected thereby in ward number one, block number 3064, the twenty-fourth ward of the city of New York;

That on the 22d of January, 1900, that assessment was confirmed by operation of law and the title thereof duly entered, with date of entry and of confirmation, in the record of titles of assessments confirmed, whereby such assessment became a lien upon such lots; and,

That the assessment, together with an interest certificate certified by the Comptroller of the city of New York to the Board of Assessors, was irregular, excessive and voidable, for reasons set forth in the petition.

The petition alleged among other things that "so much of the act of the Legislature of the State of New York, known as section 868 of the New York City Consolidation Act of 1882, as purports to authorize and direct the making of such interest certificate and the assessment of the amount thereof herein, is in violation of the Constitution of the State of New York in that said portion of said act authorizes the taking of private property without just compensation, and said portion of said act purports to authorize an unlawful exercise of the power of taxation."

The petitioner prayed that the assessment be vacated or reduced, and that the lien or liens created thereby or by any subsequent proceeding be cancelled and discharged or reduced so far as the same affected the above lots.

The case was heard upon the stipulation of facts in the Supreme Court and the relief asked by the petitioner was denied. Upon appeal to the Appellate Division of the Supreme Court the action of the court of original jurisdiction was confirmed. The case was then carried to the Court of Appeals of the State, and the judgment of the lower court was affirmed.

Upon writ of error to this court, it has been assigned for error that the judgment of the state court was in violation of the provisions of the Fourteenth Amendment of the Constitution of the United States; also, that the judgment deprived the Home of the equal protection of the law and of its property without due process of law.

The record contains a certificate by the Chief Judge of the Court of Appeals of New York to the effect that in this proceeding the Home for Incurables claimed in the courts of the State that "the imposition of all or a part of the assessment on its land as set forth in the record herein was in violation of the statutes and Constitution of the State of New York and of the provisions of the Fourteenth Amendment of the Constitution of the United States, and constituted a taking of property without due process of law; that the respondent in this proceeding contended that the said assessment was neither in whole nor in part in violation of the statutes and Constitution of the State of New York or of the Constitution of the United States, and also

that the said Home for Incurables had no remedy by petition to correct any errors in the said assessment ; that this court decided that the said Home for Incurables did have a remedy by petition in the manner and form of the proceeding adopted by it to correct any errors in the said assessment, but that the assessment complained of was valid and without error as to each and every part thereof."

*Mr. John M. Perry* for plaintiff in error.

*Mr. George L. Sterling* for defendant in error. *Mr. George L. Rives* and *Mr. Theodore Connoly* were with him on the brief.

Mr. Justice HARLAN, after making the foregoing statement, delivered the opinion of the court.

The plaintiff insists here that the State court, by its final judgment, refused to recognize certain rights belonging to it under the Constitution of the United States. But it does not appear on the face of the record that he set up or claimed any such right until the case reached this court. In *Parmelee* v. *Lawrence*, 11 Wall. 36, 38, this court—following the previous cases of *Lawler* v. *Walker*, 14 How. 149, 152, and *Railroad Company* v. *Rock*, 4 Wall. 177—said it was essential to our jurisdiction in reëxamining the judgment of the State court that the alleged conflict between the State law and the Constitution of the United States "appear in the pleadings of the suit, or from the evidence in the course of the trial, in the instructions asked for, or from exceptions taken to the rulings of the court," or "it must be that such a question was necessarily involved in the decision, and that the State court would not have given a judgment without deciding it." Later cases in this court have expressed the additional thought that if the highest court of the State assumes that the record sufficiently presents a question of Federal right and decides against the party claiming such right, we will look no further, and will proceed to a consideration of that question, unless the decision is made to rest, in part, upon some ground of local law, sufficient enough in it-

self to sustain the judgment, independently of any question of Federal right.

In the case before us, the Home for Incurables has not brought upon the record the fact that it asserted, in the State court, any Federal right whatever. It is entirely consistent with the record that the Home did not, at any time pending the case in the State court, set up or claim any such right. If our jurisdiction is invoked on the ground that the judgment of the State court has denied a right, title, privilege or immunity secured by the Constitution of the United States, it is essential, under existing statutes, that such right, title, privilege or immunity shall have been specially set up or claimed in the State court. Rev. Stat. § 709; *Armstrong* v. *Treasurer of Athens Co.*, 16 Pet. 281, 285; *Railroad Company* v. *Rock*, 4 Wall. 177, 180; *Powell* v. *Brunswick Co.*, 150 U. S. 433, 439; *Roby* v. *Colehour*, 146 U. S. 153, 159; *Oxley Stave Co.* v. *Butler Co.*, 166 U. S. 648, 654; *Levy* v. *Superior Court of San Francisco*, 167 U. S. 175, 177.

It is true that the transcript contains the certificate of the Chief Judge of the Court of Appeals of New York, not appearing to have been by order of that court while the case was before it or under its control, which states that the Home did make, in that court, the Federal questions now pressed upon our consideration. But that certificate is not properly a part of the record. While we have said in some cases that such a certificate is entitled to great respect, and, in other cases, that its office is to make that more certain and specific which is too general and indefinite in the record, it is insufficient in itself to give us jurisdiction, or to authorize us to determine Federal questions that do not appear, in any form, from the record, to have been brought to the attention of the State court. *Powell* v. *Brunswick Co.*, 150 U. S. 433, 439; *Newport Light Co.* v. *Newport*, 151 U. S. 527, 537; *Yazoo & Mississippi Railroad Co.* v. *Adams*, 180 U. S. 41, 47; *Felix* v. *Scharnweber*, 125 U. S. 54, 59.

Having no jurisdiction to reëxamine the judgment below, the writ of error must be

*Dismissed.*