THE GRAND GULF RAILROAD AND BANKING COMPANY, AND ALFRED INGRAHAM AND GEORGE READ, ASSIGNEES OF SAID COMPANY, INTERVENORS, PLAINTIFFS IN ERROR, v. JOHN R. MARSHALL.

In order to bring a case within the reviewing power of this court, as prescribed by the 25th Section of the Judiciary Act, it is necessary that the record should show that the point, giving jurisdiction to this court, was raised and decided in the State court.

The preceding decisions upon this subject referred to.

Hence, where it appears from the record that the decision of the State court turned upon the construction and not the validity of a State law, and that the question of its validity was not raised, this court has no jurisdiction.

THIS case was brought up from the Supreme Court of the

State of Louisiana, by a writ of error issued under the 25th section of the Judiciary Act.

The facts are set forth in the opinion of the court, to which the reader is referred.

It was argued by Mr. *Strawbridge* for the plaintiffs in error.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Louisiana.

The Grand Gulf Railroad and Banking Company was chartered by the State of Mississippi in the year 1833. In 1840 an act was passed by the Legislature of that State declaring that it should not be lawful for any bank in Mississippi to transfer by indorsement or otherwise any note, bill receivable, or other debt. And in 1842, after the passage of this act, the bank having become insolvent and its notes greatly depreciated, assigned and transferred all of its notes, bills receivable, and other assets of any value to John Lindsey and Alfred Ingraham, in trust for the payment of its debts, in the order specified in the deed.

Some of the debtors of the bank, whose notes and mortgages were included in this transfer, resided in the State of Louisiana. And in 1843 John R. Marshall, the defendant in error, being the holder of the notes of the bank payable to bearer to the amount of $5,400, obtained an attachment from one of the district courts of Louisiana against the property and credits of the bank, and laid it in the hands of these debtors as garnishees. The bank appeared and answered, and averred that the debts and property in question had been transferred to the trustees above named previous to the attachment; and the trustees intervened and claimed the debts and property as belonging to them by virtue of the assignment of the bank.

The defendant in error replied that the assignment was null and void by the laws of Mississippi and the laws of Louisiana, and that it was without consideration and in fraud of the creditors.

Testimony was taken on both sides to show the object of the assignment, and the circumstances under which it was made; and several questions of law were raised in the District Court upon the admissibility of testimony and upon the manner in which the deed to the trustees had been executed. But it is unnecessary to state either the testimony or the questions raised at the trial, because neither the proofs nor the points made can have any bearing upon the question upon which the case must be decided in this court.

The District Court gave judgment in favor of the defendant in error, from which the bank and trustees appealed to the Supreme Court of the State where the judgment of the District Court was affirmed. And this writ of error is brought under the 25th section of the act of 1789, to revise that judgment.

The plaintiffs in error claim jurisdiction for this court upon the ground that the assignment by the bank to the trustees was adjudged to be void by the State court under the act of the State of Mississippi of 1840, hereinbefore mentioned; and that this act is a violation of the charter granted to the bank and impairs the obligation of the contract which the charter created between the State and the corporation.

If the record brought that question before us, undoubtedly we should have jurisdiction, and the judgment of the State court could not be maintained. For it is the same question which this court decided in the case of The Planters Bank of Mississippi v. Sharp, 6 How. 301, and in Baldwin and others v. Payne and others, 6 How. 332.

But in order to give this court jurisdiction the record must show, that the point was brought to the attention of the State court and decided by it. It is not sufficient that the point was in the case, and might have been raised and decided. It must appear that the validity of the State law was drawn in question and the judgment founded upon its validity. This is evidently the meaning of the 25th section of the act of 1789, which gives the writ of error. And the reason is obvious. The party is authorized to bring his case before this court, because a State court has refused to him a right to which he is entitled under the Constitution or laws of the United States. But if he omits to claim it in the State court there is no reason for permitting him to harass the adverse party by a writ of error to this court, when, for any thing that appears in the record the judgment of the State court might have been in his favor if its attention had been drawn to the question. The rule upon this subject is distinctly stated in the case of Armstrong and others v. The Treasurer of Athens County, 16 Pet. 285, where the court said, that when the proceeding is under the law of Louisiana it must be shown that the point arose and was decided, either by the statement of facts, and the decision as usually set out in such cases by the court, or it must be entered on the record of the proceedings in the appellate court, (in cases where the record shows that such a point may have arisen and been decided,) that it was in fact raised and decided. In suits at common law the question is usually presented by the pleadings or by an exception to the opinion of the court.

In the case before us the proceedings were under the Louis-

iana law. And the opinion of the court, according to the practice in that State, is entered on the record, and sets forth the principles of law upon which the decision was made. And it appears that the decision turned upon the construction (not the validity) of the act of Mississippi of 1840; and upon a question of merely local law, concerning the right by prescription claimed by the trustees.

Nothing is said in relation to the constitutionality or validity of this act of Mississippi, and the opinion of the court clearly shows that no such question was raised or decided.

This writ of error must therefore be dismissed for want of jurisdiction.

### Order.

This cause came on to be heard on the transcript of the record from the Supreme Court of the State of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this cause be, and the same is hereby, dismissed for the want of jurisdiction.