# CROSSLEY & Another v. CITY OF NEW ORLEANS & Another.

IN ERROR TO THE SUPREME COURT OF LOUISIANA.——MOTION TO DISMISS.

· Decided March 12th, 1883.

*Louisiana—Practice.*

The record shows that the cause presented two questions in the court below; one not federal, the other federal. The opinion of the court below shows that the cause was decided there on the first point only : *Held,* That in cases coming from the Supreme Court of Louisiana the opinion of the court, as presented by the record, may be examined to determine whether the judgment can be reviewed.

*Mr. B. R. Forman* for defendants in error, moving to dismiss.

*Mr. Henry C. Miller* for plaintiffs, resisting.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The record shows that the defendants in error sought to enjoin the collection of a judgment against their property to enforce an assessment under the drainage laws of Louisiana : 1, because under the operation of the laws authorizing the judgment nothing more remained to be paid thereon; and, 2, because the judgment had, in terms, been released and discharged by certain acts of the general assembly of the State, passed in 1877 and 1878. If the case was decided below on the first of these grounds, no federal question is involved.

It was settled long ago that, in cases coming to this court from the Supreme Court of Louisiana, the opinion of the court below, as set out in the record, may be referred to, if necessary, to determine whether the judgment is one we have authority to review. *Armstrong* v. *Treasurer of Athens Co.,* 16 Pet. 281; *Almonester* v. *Kenton,* 9 How. 1; *Grand Gulf R. R. and Banking Co.* v. *Marshall,* 12 How. 165; *Cousin* v. *Labatut,* 19 How. 202; *Murdock* v. *Memphis,* 20 Wall. 590. From the statement of the case and the opinion found in this record, it is manifest the decision was placed entirely on the

ground that the judgment was not collectible under the law as it stood before the acts of 1876 and 1877 were passed. Consequently the case was disposed of before the federal question presented by the pleadings was reached, and that question was not and need not have been decided. Under these circumstances we have no jurisdiction, and the

*Motion to dismiss is granted.*