## MATHEWS LUMBER COMPANY V. J. C. HARDIN.
### No. 644.

1. **Jurisdiction of Supreme Court.**
   A judgment in the County Court was affirmed by the Court of Civil Appeals. A writ of error was sought on the ground that the case involved the construction and application of the Constitution of the State. *Held,* that jurisdiction was not shown, and that the alleged subject was not included within questions involving the "validity of a statute"   ..................... 640

2. **Same.**
   Article 1011, sections 1, 2, chapter 14, Laws Twenty-second Legislature, page 20, and section 5, paragraph 3, chapter 15, Laws Twenty-second Legislature, page 26, construed, touching jurisdiction of Supreme Court in error over cases from the County Court, and affirmed in the Court of Civil Appeals.. 641

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from the County Court of Bowie County.

J. C. Hardin, the defendant in error, recovered a judgment in the County Court of Bowie County against the Mathews Lumber Company, and W. L. Whitaker, receiver, etc., for $380.80 and costs of suit, for services rendered, and for the foreclosure of the statutory lien upon a railroad and equipments used by the defendants. It seems that the contention was over the question of the lien. The judgment was affirmed by the Court of Civil Appeals. In the application for writ of error it is alleged: "The undisputed facts show that the Mathews Lumber Company was chartered as a mill company solely 'for the purpose of manufacturing and selling lumber;' that in connection with and incident to such business, it constructed and operated a railway made of wooden ties and iron rails, three feet gauge, with steam engine and log-cars, for purpose of hauling logs to the mill; that said railroad was never chartered as a railroad company, and was never a public highway or common carrier, but was simply a mill or lumber road. Applicants contend that under the facts and the provision of the Constitution of Texas (article 10, sections 1–9) and the Statutes of Texas (2 Sayles' Civil Statutes, article 3179, sections 1, 2), the road in question was not a *railroad*, and that the Mathews Lumber Company was not a *railroad company* within the meaning and intent of the Constitution and laws of Texas (2 Sayles' Civil Statutes, title 84), and the lien provided for by statute could not attach to same nor to the property of the Mathews Lumber Company.

"Applicants aver, that the Supreme Court of Texas has jurisdiction to grant a writ of error herein by virtue of the law which confers such jurisdiction in 'cases which involve the construction and application of the Constitution of the State of Texas.'"

The error complained of was the enforcement of the lien as above stated.

*H. C. Hynson* and *Chas. S. Todd*, for application.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error to a judgment of the Court of Civil Appeals affirming a judgment of the County Court. The suit was to recover compensation for services rendered by the plaintiff for the defendant, the applicant for the writ. In order to show jurisdiction in this court, it is alleged in the application, in effect, that it is a case which involves "the construction and application of the Constitution of the State of Texas." If this had been a case over which the District Court had exclusive jurisdiction, and if the judgment of the trial court had been reversed and the cause remanded by the Court of Civil Appeals, then the fact that the construction and application of the Constitution was involved would have given this court jurisdiction, notwithstanding the reversal of the judgment and the remand of the cause. See "Act to organize the Supreme Court," approved April 13, 1892, article 1011a (2). Section

5 of the "Act to organize the Courts of Civil Appeals," approved April 13, 1892, provides, among other things, that the judgment of the Courts of Civil Appeals shall be conclusive, and that no writ of error shall lie thereto "in any civil case appealed from a County Court, * * * except in probate matters and in cases involving the revenue laws of the State, or the validity of a statute." It appears from the petition for the writ of error that the construction and application of a statute may be involved, but not its validity.

This court is without jurisdiction, and the application is therefore dismissed.

*Application dismissed.*

Delivered April 11, 1895.