## CALIFORNIA *v.* HOLLADAY.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 566. Submitted November 1, 1895. — Decided November 11, 1895.

This case is dismissed for want of jurisdiction, on the authority of *San Francisco* v. *Itsell*, 133 U. S. 65; *Beatty* v. *Benton*, 135 U. S. 244; and *Eustis* v. *Bolles*, 150 U. S. 361; and cases cited.

MOTION to dismiss. The action was brought on behalf of the people of California to remove buildings and fences of the defendants from what was claimed to be a public park. The defendants were in possession of the land, under claim of title, and had been for many years.

The complaint alleged that a certain piece of land (describing a tract four blocks in extent, including the part thereof here in dispute) " was heretofore, to wit, on the eleventh day of March, A.D. 1858, by the lawful owner and proprietor thereof, lawfully dedicated to public use as a public square, by the name of 'Lafayette Park,' and such dedication accepted by the public, and then was and still is laid down upon the official

map of said city and county as a public square as aforesaid:" that the defendants had erected fences within said public square, which enclosed, and were the means of excluding plaintiffs from, a certain piece or parcel of said public square (describing the land in dispute), and that defendants had erected and maintained a dwelling-house and other permanent improvements within and upon the premises, which interfered with and hindered the use by the public of said public square, and which were accordingly public nuisances, and the prayer was that they be abated, etc. The defendants answered, denying that the land ever was dedicated; admitting their occupation of the six fifty-vara lots in dispute, and their intention to keep out the public; and as special defences they pleaded three judgments in bar and estoppel. One of the judgments so pleaded was against the people of the State of California, and two of them was against the city and county of San Francisco. The actions in which those judgments were made in each instance involved the same land and the same question of dedication as here in dispute; and the prevailing parties were these defendants or their predecessor in interest.

The trial court decided that each of the two judgments against the city and county of San Francisco was, as a plea a bar and as evidence conclusive against the claim of dedication made by the plaintiffs in the present action; and that the court was thereby precluded from again inquiring into the question or claim of dedication made by the plaintiffs in this action. That decision was affirmed by the Supreme Court of the State.

To that judgment this writ of error was sued out by the State; and the defendants moved to dismiss it for want of jurisdiction, on the ground that no Federal question was involved. On behalf of the State of California it was contended that a Federal question was involved, as follows: "The Supreme Court of the State of California first decided that the land in controversy was in fact dedicated to the public, as alleged in the complaint, by the Van Ness Ordinance, the act of the legislature of California, and the act

of Congress of July 1, 1864, entitled 'An act to expedite the settlement of titles to land in California.' It then decided that the dedication was annulled by the judgments given in the suits of *S. W. Holladay* v. *The City and County of San Francisco*, and of *The City and County of San Francisco* v. *S. W. Holladay and others.* To these two records the people of the State of California were strangers. The State never consented that the city and county might submit the rights of the public to judgment in either of those actions. Hence they claim, that those judgments, so far as the people are concerned, were given without due process of law."

*Mr. S. W. Holladay* in person, and *Mr. E. Burke Holladay* for the motion.

*Mr. W. F. Fitzgerald*, Attorney General of the State of California, *Mr. William Matthews*, and *Mr. William Craig* opposing.

THE CHIEF JUSTICE: The opinions of the Supreme Court of California in this case are reported 68 California, 439; 93 California, 241; 102 California, 661. The motion to dismiss is sustained on the authority of *San Francisco* v. *Itsell*, 133 U. S. 65; *Beatty* v. *Benton*, 135 U. S. 244; *Eustis* v. *Bolles*, 150 U. S. 361; and cases cited. And see *Hoadley* v. *San Francisco*, 94 U. S. 4; *Hoadley* v. *San Francisco*, 124 U. S. 639.

*Writ of error dismissed.*