# LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* LOUISVILLE.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 261.  Argued April 1, 1897. — Decided April 26, 1897.

After the trial court and the Superior Court had disposed of this case without any Federal question having been raised, the railroad company moved to set the judgment aside and transfer the case to the Court of Appeals on the ground that the statutes, as construed by the state court in its opinion, were invalid and in violation of the Constitution. This motion being denied an appeal was granted to the Court of Appeals where it was claimed in argument that the state statute as construed impaired the obligation created by the charter of the company, and denied the equal protection of the laws, in contravention of the Fourteenth Amendment. *Held,* that the record did not show that a Federal question had been raised below in time and in a way to give this court jurisdiction.

THIS was a case instituted in the Louisville Chancery Court by the Louisville and Nashville Railroad Company against the city of Louisville by the filing of an agreed case under the following provisions of the Civil Code of Practice of the State of Kentucky:

" SEC. 637. Parties to a question which might be the subject of a civil action may, without action, state the question and the facts upon which it depends, and present a submission thereof to any court which would have jurisdiction, if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceedings in good

faith, to determine the rights of the parties. The court shall, thereupon, hear and determine the case, and render judgment as if an action were pending.

"Sec. 638. The case, the submission and the judgment shall constitute the record.

"Sec. 639. The judgment shall be with costs, and 'may be enforced, and shall be subject to reversal, in the same manner as if it had been rendered in an action, unless otherwise provided in the submission."

The agreed case commenced as follows: "The Louisville and Nashville Railroad Company and the city of Louisville hereby state to the court the facts hereinafter presented and submit to the court for decision the question hereinafter stated." Then followed a statement of facts, and the stipulation thus proceeded:

"Upon the foregoing facts, was the Louisville and Nashville Railroad Company entitled to a discount — and, if so, then to what discount — upon the tax bills mentioned herein on February 4, 1892, when it offered to pay said bills less a discount, or on February 6, 1892, when it paid the amount of said bills under protest?

"If the court shall be of the opinion that the railroad company at the time of the said tender or payment was entitled to a discount upon the amount of said tax bills, then judgment may be entered for the amount of such discount, with interest from February 6, 1892, until paid, in favor of the Louisville and Nashville Railroad Company against the city of Louisville for the amount of such discount and the costs of this proceeding; but if the court shall be of the opinion that said railroad company was not entitled to any discount on said bills on said day of tender or payment, then judgment may be entered dismissing the case and giving judgment for costs of this proceeding in favor of the city of Louisville against the Louisville and Nashville Railroad Company. The right of appeal from the judgment of the Louisville Chancery Court is not waived."

The case was heard, and the chancellor entered the following judgment:

"This agreed case having been submitted in chief, and the court being sufficiently advised, delivered a written opinion, which is now filed, and in accordance therewith it is considered by the court that plaintiff, the Louisville and Nashville Railroad Company, had no right to any discount on its tax bill when it paid or tendered payment of same, as shown in said agreed case, and that this said action be, and it is therefore, dismissed, and that defendant recover of plaintiff its costs herein expended."

The plaintiff excepted and carried the case by appeal to the Superior Court of Kentucky and the judgment of the chancellor was affirmed.

Opinions were delivered by the chancellor and by the Superior Court.

After the judgment of affirmance the railroad company "moved the court to set aside the submission and judgment and transfer this case to the Court of Appeals or to grant an appeal to the Court of Appeals"; on these grounds:

"This day came appellant, by counsel, and stated to the court that it believes the statutes involved in this action, as to the taxation of railroad property in the city of Louisville, as construed by the court in its opinion lately delivered herein, to be invalid and to be in violation of the constitutions of the State of Kentucky and of the United States, and that it desired to be heard on the question of the validity of said statutes, and thereupon moved the court to set aside its judgment and the order of submission herein and to transfer this action to the Court of Appeals; and came appellant further, by counsel, and moved the court to grant it an appeal from its judgment herein to the Court of Appeals in the event the court should overrule the preceding motions above set forth."

The Superior Court overruled the motion to set aside the judgment and submission, and transfer the cause, but granted the appeal to the Court of Appeals, which, being duly prosecuted, the judgment was again affirmed. 29 S. W. Rep. 865.

A writ of error was allowed from this court by the Chief Justice of the Court of Appeals.

The assignment of errors in the brief of counsel is as follows:

"1st. That the statutes involved, according to the construction put upon them by the Court of Appeals of Kentucky, do, in substance and effect, impose a different rate of taxation upon the property of the Louisville and Nashville Railroad Company from that which is imposed upon other property, either real or personal, in the city of Louisville; and,

"2d. That this violates the obligation of the contract contained in the charter of the Louisville and Nashville Railroad Company, whereby it was agreed that its property should not be assessed higher than other real property; thus conflicting with the provision of the Constitution of the United States which forbids any State to pass a law impairing the obligation of a contract; and,

"3d. That, independently of the question of contract, these statutes, as construed by the Court of Appeals, impose a different rate of taxation upon the property of railroad companies from that which is imposed upon property of the same kind, in the same place and under the same circumstances, when owned by any other class of persons than railroad companies; and that, therefore, it comes within the inhibition of the Fourteenth Amendment of the Constitution of the United States, which provides that no State shall deny to any person within its jurisdiction the equal protection of the laws."

*Mr. Helm Bruce* for plaintiff in error. *Mr. James P. Helm* and *Mr. H. W. Bruce* were on his brief.

*Mr. Henry L. Stone* for defendant in error.

Mr. CHIEF JUSTICE FULLER delivered the opinion of the court.

By the terms of the agreed case the only questions submitted to the Chancery Court of Louisville were whether the railroad company was entitled to a discount on certain tax bills, and if so, what discount; and it was stipulated that if the court should be of opinion that the company was not entitled to any

discount, then judgment should be entered dismissing the case with costs. The chancellor in his opinion pointed out that the act of the general assembly of Kentucky, entitled " An act to revise and amend the tax laws of the city of Louisville," approved May 12, 1884, provided for a discount of three per cent on taxes paid in January; of two per cent on those paid in February; and of one per cent on those paid in March, but that the assessments for taxation, to which the act related, did not in terms include railroad property, the assessment of which was provided for by chapter 92 of the General Statutes of Kentucky. This chapter provided for the assessment of railroad property by state authority for state, county, city and town purposes; for enforcement of payment by penalties on its chief officer; and required payment by a named day, but it nowhere in terms or by implication allowed any deduction for prompt payment of state, county, city or town taxes; and it forbade assessments or collections of such taxes in any mode other than that therein designated.

The chancellor held that such a deduction was *pro tanto* in the nature of an exemption, and that exemptions were not allowable except where express authority affirmatively appeared therefor, and that no such authority appeared here; and he then said : " The ground of inequality in taxation, so much relied on by plaintiff's counsel, is not entitled to much weight, for the principle, if such there be, is misapplied. Taxes are imposed in this State on corporations by classes. No member of a class can complain if he is treated like all in the same class. If it be wrong not to allow deductions to banks, railroads, gas companies, etc., for prompt payment of taxes, then the legislature can remedy the wrong. In the present condition of the statute the courts cannot."

And the court being of opinion that the company was not entitled to any discount, entered judgment strictly in accordance with the stipulation of the parties. There was no intimation in the agreed case that any constitutional question was submitted for determination, and no such question was propounded. The matter was one of construction merely.

The Superior Court had no appellate jurisdiction of an

appeal involving the validity of a statute (Kentucky Codes, 1895, p. 472), as was conceded at the bar, and yet plaintiff in error prosecuted its appeal to that court. After the Superior Court had gone to judgment, the railroad company made its motion to set the judgment aside and transfer the case to the Court of Appeals on the ground that it believed the statutes, "as construed by the court in its opinion lately delivered herein, to be invalid and to be in violation of the constitutions of the State of Kentucky and of the United States." Even then, the company did not indicate in any way in what particulars the statutes were in contravention of either of those instruments. This motion was overruled, and an appeal allowed to the Court of Appeals. The Court of Appeals arrived at the same conclusion as the other courts, and rejected the claim for a discount as not permitted by the statute. The court closed its opinion thus:

"The city is not allowed to fix any value on appellant's property. The penalty on its failing to pay taxes to the city is not made to apply to the appellant, and it is plain, we think, that the charter provision or the law in regard to the assessment, collection and payment of the taxes of the citizens within the municipality does not include railroads or such corporate property, and equally apparent that the legislature, in regard to these corporations, can enact a different system or mode of assessment and collection from that under which taxes are ordinarily collected; and the discount allowed the citizen to encourage the prompt payment of taxes is not a discrimination in his favor as against appellant, nor is it open to constitutional objection. *Kentucky Railroad Tax cases*, 115 U. S. 321."

The record does not disclose that any Federal question was specifically raised in the Court of Appeals, and the sole reference in the opinion to constitutional objection is in the language above quoted. Doubtless that reference was by way of answer to the contention that the statute might fail altogether unless construed to include railroad companies.

In *Powell* v. *Brunswick County*, 150 U. S. 433, 439, we said: "As many times reiterated, it is essential to the maintenance

of jurisdiction upon the ground of erroneous decision as to the validity of a state statute or a right under the Constitution of the United States, that it should appear from the record that the validity of such statute was drawn in question as repugnant to the Constitution and that the decision sustained its validity, or that the right was specially set up or claimed and denied. If it appear from the record by clear and necessary intendment that the Federal question must have been directly involved so that the state court could not have given judgment without deciding it, that will be sufficient; but resort cannot be had to the expedient of importing into the record the legislation of the State as judicially known to its courts, and holding the validity of such legislation to have been drawn in question, and a decision necessarily rendered thereon, in arriving at conclusions upon the matters actually presented and considered. A definite issue as to the validity of the statute or the possession of the right must be distinctly deducible from the record before the state court can be held to have disposed of such a Federal question by its decision."

And see *Oxley Stave Co.* v. *Butler County, ante,* 648, in which this subject is largely considered and the authorities cited.

The agreed case presented no issue as to the validity of the statute, but simply the question of its construction. The company did not sue to recover back the taxes it had paid on the ground of the invalidity of the laws under which they were levied, but to recover the discount allowed to taxpayers by a particular statute. The Chancery Court was shut up by the agreement to determine whether the company was or was not entitled to that discount. The construction by the Chancery Court was concurred in by the Superior Court and by the Court of Appeals, and the judgment of the Chancery Court, rendered as stipulated, was affirmed. It is now said that as the proper construction of the statute was definitively settled by the Court of Appeals, this court can take jurisdiction at that stage of the case, because as thus construed the statute impaired the obligation of a contract created by the charter of the company (which was not mentioned in the agreed

case), and because it denied the equal protection of the laws in contravention of the Fourteenth Amendment, although no definite issue in either respect was tendered throughout the proceedings unless the mention of the Constitution of the United States on the motion to set aside may be so regarded. We do not think that was sufficient.

*Writ of error dismissed.*