## MILLER *v.* CORNWALL RAILROAD COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 18.    Argued October 13, 1897. — Decided November 1, 1897.

The validity of a statute is drawn in question whenever the power to enact it, as it is by its terms, or is made to read by construction, is fairly open to denial, and is denied.

Under Rev. Stat. § 709, if the ground on which the jurisdiction of this court is invoked to review a judgment of a state court is, that the validity of a state law was drawn in question as in conflict with the Constitution of the United States, and the decision of the state court is in favor of its validity, this must appear on the face of the record before the decision below can be reëxamined here.

A suggestion of such appearance, made on application for reargument, after the judgment of the trial court is affirmed by the Supreme Court of the State, comes too late.

This court has no jurisdiction on a writ of error to a state court to declare a state law void on account of its collision with the state constitution.

An objection in the trial of an action in a state court that an act of the State was " unconstitutional and void," when construed in those courts as raising the question whether the state legislature had power, under the state constitution, to pass the act, and not as having reference to any repugnance to the Constitution of the United States, is properly construed.

The report of this case in the Supreme Court of Pennsylvania shows that it assumed that it was dealing, under the assignments of error, only with the state constitution.

LEWIS Miller brought his action against the Cornwall Railroad Company in the Court of Common Pleas of Lebanon County, Pennsylvania, to recover damages for personal injuries sustained through the company's negligence while he was

being carried on one of its trains. At the trial, the case was left to the jury, but the court reserved "the question as to whether there is any evidence of the defendant's negligence to go to the jury." A verdict was returned in plaintiff's favor, notwithstanding which, judgment was entered for defendant on the point reserved. The decision turned on the conclusion that Miller was to be treated as if he was, at the time of the accident, an employé of defendant because, though not in fact such employé, he came within the terms of the first section of an act of the General Assembly of Pennsylvania, approved April 4, 1868, Laws Penn. 1868, p. 58, No. 26, § 1, which reads as follows:

"SECTION 1. That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employé, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employé: *Provided*, That this section shall not apply to passengers."

The court was asked by plaintiff to instruct the jury, among other points, as follows: "1. Lewis Miller, the plaintiff, was a passenger on the train when he received his injury." "2. The act of April 4, 1868, is unconstitutional and void." "3. The right of the plaintiff to have remedy for his injury was a well known and clearly defined common law right, one of the inherent indefeasible rights guaranteed to all citizens by the Constitution. The act of April 4, 1868, can therefore not be invoked by the defendant against the plaintiff. And it is not remedy by the due course of law." But the court refused to do so. The case was taken by appeal to the Supreme Court of Pennsylvania and the first, second and third errors assigned were to the refusals to give the foregoing points, in their order. The words "inherent indefeasible rights" and "remedy by the due course of law" were placed in quotation in point three, as given in the third assignment. The judgment was affirmed by the Supreme Court, on February 27, 1893,

at the January term of that year.    154 Penn. St. 473.    On
January 8, 1894, appellant Miller filed a motion for reargument on these grounds:

"1. Because of material errors of fact into which the court
fell, in the consideration of the case, and which, we believe,
led to the affirmance of the judgment of the court below.

"2. Because the plaintiff desires to present the case for
review on the point raised, by the second assignment of error,
as to the constitutionality of the act of April 4, 1868, under
the XIV Amendment to the Constitution of the United States.
The question was not orally argued for want of time and the
judgment is not in shape for such a review.

"3. General reargument."

A reargument was refused, and this writ of error then sued
out.

*Mr. Benjamin Morris Strouse* and *Mr. A. Frank Seltzer*
for plaintiff in error.

*Mr. Wayne McVeagh* for defendant in error.    *Mr. Howard
C. Shirk* was on his brief.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered
the opinion of the court.

The contention of plaintiff in error is that the first section
of the act of April 4, 1868, is invalid because in contravention
of the Fourteenth Amendment, in that it deprives him of due
process of law and denies him the equal protection of the laws.

The validity of a statute is drawn in question whenever the
power to enact it, as it is by its terms, or is made to read by
construction, is fairly open to denial, and is denied. *Baltimore & Potomac Railroad v. Hopkins,* 130 U. S. 210, 224.
And under section 709 of the Revised Statutes, if the ground
on which the jurisdiction of this court is invoked is that the
validity of a state law was drawn in question as in conflict
with the Constitution of the United States, and the decision
of the state court was in favor of its validity, this must appear

on the face of the record, before the decision below can be re-examined here. *Dibble* v. *Bellingham Bay Land Co.*, 163 U. S. 63, 70.

The record in this case discloses no attempt to question the validity of the particular statute, in the state courts, as in contravention of the Federal Constitution, unless in the points requested to be given in the trial court and the refusal to give them, for even if it could be held that such question was raised on the application for reargument, nearly a year after the judgment of the Common Pleas was affirmed by the Supreme Court, the suggestion came too late. *Texas & Pacific Railway* v. *Southern Pacific Company*, 137 U. S. 48; *Loeber* v. *Schroeder*, 149 U. S. 580; *Pim* v. *St. Louis*, 165 U. S. 273.

We have no jurisdiction on a writ of error to a state court to declare a state law void on account of its collision with a state constitution, and it was long ago held that where it was objected in the state courts that an act of the State was "unconstitutional and void," the objection was properly construed in those courts as raising the question whether the state legislature had the power under the state constitution to pass the act, and not as having reference to any repugnance to the Constitution of the United States. *Porter* v. *Foley*, 24 How. 415.

By the constitution of Pennsylvania, it has always been declared that all men " have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness"; and also " that all courts shall be open, and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by the due course of law, and right and justice administered without sale, denial 'or delay." Const. Penn. 1790, Art. IX, §§ 1, 11; Const. Penn. 1838, Art. IX, §§ 1, 11; Const. Penn. 1873, Art. I, §§ 1, 11.

The presumption as to point two is that it referred to the state constitution, and this was made certain by point three, which quotes from that instrument.

From the report of this case in 154 Penn. St. 473, it is appar-

ent that the state Supreme Court assumed that it was dealing under the assignments of error only with the state constitution, as was also the fact in *Kirby* v. *Pennsylvania Railroad,* 76 Penn. St. 506, where the question of the constitutionality of the first section of the act in question was directly passed upon, and the section sustained.

We agree with counsel in the statement, made on the application for reargument, in respect of a review of this judgment by this court because thereby the state Supreme Court had decided in favor of the validity of the act when drawn in question as repugnant to the Constitution of the United States, that "the judgment is not in shape for such a review."

*Writ of error dismissed.*