CITY OF SAN ANTONIO v. W. G. TOBIN.

Application No. 5486.

CITY OF SAN ANTONIO v. WALTER BECK.

Application No. 5487. Decided May 22, 1907.

**Jurisdiction of Supreme Court—Validity of Statute.**

The Supreme Court has no jurisdiction to grant writ of error in a case originating in the County Court on the ground that the validity of a statute is involved, where its validity was sustained by the ruling complained of

and had been previously sustained in repeated rulings of the Supreme Court denying writs of error in cases where it was similarly involved and ruled; after such decisions its validity can not be considered as still in question. (Pp. 590, 591.)

Application for writs of error to the Court of Civil Appeals for the Fourth District in appeals from the County Court of Bexar County.

Tobin and Beck each sued the city of San Antonio and recovered judgment. Defendant appealed, and, on affirmance, made application for writ of error on the ground that the ruling involved the validity of a section of the city charter, under which plaintiffs claimed, but which petitioner alleged to be invalid.

*Joseph Ryan, Houston Bros., R. J. Boyle* and *Reagan Houston,* for applicants, cited: Ex parte Levine, 10 Texas Ct. Rep., 870; Kimbrough v. Barnett, 93 Texas, 301; Rowan v. King, 56 S. W. Rep., 103; McNeal v. City of Waco, 89 Texas, 88; Wagner v. Porter, 56 S. W. Rep., 560; San Antonio v. French, 80 Texas, 578; Stubbs v. Galveston, 3 App. C. C. (Willson), 185; Bryan v. Page, 51 Texas, 535; Indiana Co. v. Sulphur Springs, 63 S. W. Rep., 908; Nichols v. State, 32 S. W. Rep., 455; Penn v. Laredo, 26 S. W. Rep., 636; Peck v. Hempstead, 65 S. W. Rep., 655; Callaghan v. Irvin, 90 S. W. Rep., 337.

GAINES, CHIEF JUSTICE.—Each of these suits was brought in the County Court of Bexar County against the City of San Antonio to recover a sum of money, within the jurisdiction of that court. Each of the plaintiffs recovered a judgment which was affirmed by the Court of Civil Appeals. The city has applied for a writ of error in each of the cases and in each seeks to show that this court has jurisdiction to grant the writ on the ground that it involves the validity of a statute. The provision relied on is contained in article 996 of the Revised Statutes, and is as follows: "The judgment of the Court of Civil Appeals shall be conclusive in all cases on the facts of the case, and a judgment of such courts shall be conclusive on the law and fact, nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, to wit: Any civil case appealed from a County Court or from a District Court when under the Constitution a County Court would have had original or appellate jurisdiction to try it, except in probate matters and in cases involving the revenue laws of the State or the validity of a statute." The question made in these cases is as to the validity of section 34a of the Charter of the City of San Antonio. The precise question was passed upon by the Court of Civil Appeals for the Fourth Supreme Judicial District in the following cases: Callaghan v. McGown (90 S. W. Rep., 319); Callaghan v. Tobin (90 S. W. Rep., 328), and Callaghan v. Irvin (90 S. W. Rep., 335), in each of which the section in question was held valid. This court denied a writ of error in each of the cases and approved the ruling of the Court of Civil Appeals as to the validity of the section. We think, therefore, that there is no longer a question as to the validity of the provision and that in consequence it should be held that its validity is no longer involved. The purpose of the Legislature in making an exception as to cases which are

brought or which may be brought in a County Court, and giving this court jurisdiction over such as involved the validity of a statute, was to have this court determine the constitutional question. It was important that this should be done as soon as practicable. It was not intended to give this court jurisdiction in such cases unless there was reasonable doubt as to the validity of the provision and unless the question was still open and undetermined. We conclude, that the validity of a statute can not be considered as involved in a case after the question has been decided in this court and its validity sustained.

Accordingly the applications for writs of error in these cases are dismissed for want of jurisdiction.