[Civil No. 1374. Filed May 6, 1914.]

[140 Pac. 507.]

## C. LOUISE BOEHRINGER, Appellant, v. YUMA COUNTY, Appellee.

1. APPEAL AND ERROR—JURISDICTION—SUPREME COURT—"VALIDITY OF A STATUTE."—If the power to enact a statute as it is in terms, or as made to read by construction, is fairly open to denial, and is denied, the validity of the statute is drawn in question so as to give the supreme court jurisdiction under Constitution, article 6, section 4, providing that its jurisdiction shall not extend to civil actions to recover money, where the amount in controversy does not exceed $200, unless the action involves the "validity of a . . . statute"; the phrase "validity of a statute" referring to the power to enact the particular statute, and not merely to its judicial construction or application.

2. APPEAL AND ERROR—JURISDICTION — SUPREME COURT — QUESTIONS RAISED—VALIDITY OF STATUTE.—If statutes are constitutional, the fact that they have been misconstrued or misapplied by the trial court will not give the supreme court jurisdiction of an appeal under Constitution, article 6, section 4, providing that its jurisdiction shall not extend to actions where the amount in controversy does not exceed $200, unless the action involves the validity of a statute.

3. APPEAL AND ERROR—JURISDICTION—SUPREME COURT—VALIDITY OF A STATUTE.—The "validity of a statute," as that term is used by Constitution, article 6, section 4, withholding jurisdiction from the supreme court where the amount in controversy does not exceed $200, unless the action involves the validity of a statute, is not to be determined by what has been done under the statute in a particular case, but by its general purpose and its efficiency to effect such purpose.

4. APPEAL AND ERROR—JURISDICTION—SUPREME COURT—VALIDITY OF STATUTE.—A reference to the Constitution to strengthen objections to a particular statutory construction is not sufficient to give the supreme court jurisdiction, under Constitution, article 6, section 4, withholding jurisdiction from that court where the amount in controversy does not exceed $200, unless the action involves the validity of a statute.

5. APPEAL AND ERROR—JURISDICTION—SUPREME COURT—VALIDITY OF STATUTE.—While the construction of the Constitution may be involved in the question of the validity of a statute, a constitutional construction may be necessary where the "validity of a statute" is not involved.

6. APPEAL AND ERROR—JURISDICTION—SUPREME COURT—"VALIDITY OF A
   STATUTE."—Constitution, article 22, section 2, provides that all
   laws of the territory of Arizona in force at the time of statehood,
   and not contrary to the Constitution, shall remain in force as laws
   of the state until they expire by limitation or repeal. Plaintiff
   sued for compensation as county school superintendent, basing her
   claim upon Laws of 1912, chapter 93, while defendant county
   claimed that the salary of the officers was fixed by Revised Statutes
   of 1901, claiming that to apply the laws of 1912 to fix plaintiff's
   salary would violate the constitutional provision, forbidding the
   compensation of any public officer being increased or diminished
   during his term of office, and the trial court adopted that view,
   holding that Revised Statutes of 1901 controlled in fixing plaintiff's
   salary. Neither party claimed that either statute was an invalid
   exercise of legislative power. *Held,* that the "validity of a statute"
   was not involved within Constitution, article 6, section 4, withhold-
   ing appellate jurisdiction from the supreme court in civil actions
   where the original amount in controversy does not exceed $200,
   unless the action involves the validity of a statute, so that the
   supreme court did not have jurisdiction of plaintiff's appeal.

APPEAL from a judgment of the Superior Court of the
County of Yuma. Frank Baxter, Judge. Appeal dismissed.

The facts are stated in the opinion.

Mr. C. A. Lindeman, for Appellant.

Mr. Fred L. Ingraham, for Appellee.

FRANKLIN, C. J.—The action in the court below was by
the appellant as plaintiff for the recovery of her salary as
county school superintendent of Yuma county for the month
of September, 1913. The amount in controversy does not
exceed the sum of $200. We think this appeal must be dis-
missed, because the jurisdiction of this court is dependent
entirely upon the amount in controversy, and that amount is
less than the sum of $200. The *criteria* prescribed by our
Constitution determine the appealability of this judgment.
Particular jurisdictional facts are dictated by the various Con-
stitutions and statutes to determine what decisions are review-
able. We must note with caution the *criteria* appointed by
our Constitution in this behalf. The supreme court shall have
appellate jurisdiction in all actions and proceedings, *"but* its

appellate jurisdiction shall not extend to civil actions at law for recovery of money or personal property where the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, *unless* the action involves the validity of a tax, impost, assessment, toll, municipal fine, *or statute."* Article 6, sec. 4, Ariz. Const. If we attend this language with some heed, we notice that it does not embrace the construction of the Constitution, or the construction of a statute, but the words are restricted to an action involving the "validity of a tax . . . or statute."

It is insisted that the action does involve the validity of a statute, but this position cannot be maintained. In its technical, as well as popular acceptation, the word "validity," in the general nomenclature of the law, is perhaps more frequently used than any other word to signify legal sufficiency in contradistinction from mere irregularity. Webster's Dictionary says it is that quality of a thing which renders it supportable in law or equity; legal sufficiency. Bouvier says it is legal sufficiency in contradistinction to mere irregularity. It is defined in the Cyclopedic Law Dictionary as freedom from vices of substance; effectiveness in point of law.

Whenever the power to enact a statute as it is by its terms, or is made to read by construction, is fairly open to denial and denied, the validity of such statute is drawn in question, but not otherwise. " 'The validity of a statute' . . . refers to the power . . . to pass the particular statute at all, and not to mere judicial construction as contradistinguished from a denial of the legislative power." *Baltimore & Potomac R. R. Co.* v. *Hopkins,* 130 U. S. 210, 32 L. Ed. 908, 9 Sup. Ct. Rep. 503. See, also, *Grand Gulf etc. Co.* v. *Marshall,* 12 How. 165, 13 L. Ed. 938; *Borgmeyer* v. *Idler,* 159 U. S. 415, 40 L. Ed. 199, 16 Sup. Ct. Rep. 34; *Louisville & Nashville R.* v. *Louisville,* 166 U. S. 709, 41 L. Ed. 1173, 17 Sup. Ct. Rep. 725; *Miller* v. *Cornwall R. R.,*168 U. S. 133, 42 L. Ed. 409, 18 Sup. Ct. Rep. 34; *Capital Traction Co.* v. *Hof,* 174 U. S. 4, 43 L. Ed. 873, 19 Sup. Ct. Rep. 580.

An appeal will not lie from a judgment in an action which involves the construction and application of a statute, but not its validity. *Matthews Lumber Co.* v. *Hardin,* 87 Tex. 639, 30 S. W. 898; *Hilgert* v. *Barber Asphalt Paving Co.,* 173 Mo.

319, 72 S. W. 1070; *Cohen* v. *Walford,* 111 Va. 812, 70 S. E.
850; *Hulvey* v. *Roberts,* 106 Va. 189, 55 S. E. 585.

"Whether an action is properly brought under a statute,
whether a recovery can be had under a statute, or whether
there is any statute governing a particular action, are all ques-
tions of the construction of statutes, but are not questions
which go to the validity of a statute." *Doty* v. *Krutz,* 13
Wash. 169, 43 Pac. 17.

If statutes are constitutional in themselves, the fact that
they have been misconstrued or misapplied by the inferior
tribunal is not sufficient to invoke the jurisdiction of this
court. *State* v. *Third Justice of the Peace,* 12 La. Ann. 789;
*Police Jury* v. *Manuel Villaviabo,* 12 La. Ann. 788; *State* v.
*Marshall,* 47 La. Ann. 646, 17 South. 202.

The validity of a statute is not to be determined by what
has been done in any particular instance, but by what may
be done under it; not from its effect in a particular case, but
upon its general purpose and its efficiency to effect that end.
*Rochester* v. *West,* 164 N. Y. 510, 79 Am. St. Rep. 659, 53
L. R. A. 548, 58 N. E. 673.

A reference to the Constitution to strengthen objections to
a particular construction is not sufficient to invoke jurisdic-
tion. *Arbuckle* v. *Blackburn,* 191 U. S. 415, 48 L. Ed. 239,
24 Sup. Ct. Rep. 148.

Ordinarily, a statute is valid if it conforms to the Consti-
tution, and invalid if it is repugnant to the Constitution,
though the validity of a statute may be called in question by
reason of the uncertainty of its provisions. The construction
of the Constitution may be, and often is, involved in the ques-
tion of the validity of a statute, but not necessarily so. For
instance, when the constitutional provision is self-executing
and requires no legislation to make it effective. A construc-
tion of the Constitution may be necessary in cases where the
validity of a statute is not involved. *County of Cook* v. *In-
dustrial School,* 125 Ill. 540, 8 Am. St. Rep. 386, 1 L. R. A.
437, 18 N. E. 183; *Herff* v. *James,* 86 Tex. 230, 24 S. W. 396.

Where jurisdiction is given in actions involving the validity
of a statute, the courts differ in the extent of the exercise of
such jurisdiction. The Texas supreme court says: "It is the
case, not merely the question as to the statute, over which the
jurisdiction is extended by the language. The existence of

the question is the reason why the jurisdiction is given, but it is the case that is brought within it. It follows that, having decided the question of the validity of the statute, we must proceed to dispose of the case by the proper judgment and, in order to do that, must decide the questions of law on which the character of the judgment must depend." *Texas & P. Ry. Co.* v. *Webb,* 102 Tex. 210, 114 S. W. 1171. The supreme court of Washington holds that, where it has jurisdiction solely because the validity of a statute is involved, the exercise of that jurisdiction is limited to a review of the judgment appealed from only in case the statute is invalid, and then only to the extent that it is affected by the invalid statute. If the statute is valid, the inquiry is ended; if invalid, the judgment falls because founded on the invalid statute. *Gies* v. *Broad,* 41 Wash. 448, 83 Pac. 1025.

Perhaps the greater number of courts take the view announced by the supreme court of Washington.

By virtue of section 2 of article 22 of the Constitution of Arizona, all laws of the territory of Arizona in force at the time of statehood and not repugnant to the Constitution remain in force as laws of the state of Arizona until they expire by their own limitations, or are altered or repealed by law; and wherever the word "territory," meaning the territory of Arizona, appears in said laws, the word "state" shall be substituted. In a word, the laws of the territory of Arizona are carried forward and remain in force as the laws of the state of Arizona, as modified by the provisions of the Constitution; the impress of the section last cited being a limitation upon the duration of those laws, and not upon the power to enact laws.

The appellant contends that she is entitled to compensation as county school superintendent, based upon the provisions of chapter 93, Laws of 1912, while the appellee's position is that the salary of the office is fixed by the Revised Statutes of 1901. No claim is made that either law is an invalid exercise of legislative power. But objection is urged to applying the law of 1912 as a basis for fixing the salary of appellant, because of the constitutional provision forbidding the compensation of any public officer being increased or diminished during his term of office. This latter view obtained with the lower court, which held that the Revised Statutes of 1901, and

not the act of 1912, controlled in fixing the salary of appellant, and rendered its judgment accordingly.

As we have seen, a reference to the Constitution to strengthen objections to a particular construction is not sufficient to invoke jurisdiction. *Arbuckle* v. *Blackburn, supra.*

Another matter that would seem to put the question of jurisdiction at rest in the instant case is that this court, in the case of *Patty* v. *Greenlee County,* 14 Ariz. 422, 130 Pac. 757, held chapter 93, Laws of 1912, to be a valid exercise of legislative power. It deals with the classification of counties for the purpose of fixing the compensation of county and precinct officers. Whether this statute repealed other laws, whether its operation is immediate or prospective, and to whom does it apply, involve matters of interpretation and construction, and not a question as to the validity of the statute.

Speaking to the question of jurisdiction, the supreme court of Texas, in the case of *City of San Antonio* v. *Tobin,* 100 Tex. 589, 102 S. W. 403, says: "The purpose of the legislature in making an exception as to cases which are brought . . . in a county court, and giving this court jurisdiction over such as involved the validity of a statute, was to have this court determine the constitutional question. It was important that this should be done as soon as practicable. It was not intended to give this court jurisdiction in such cases unless there was reasonable doubt as to the validity of the provision, and unless the question was still open and undetermined. We conclude that the validity of a statute cannot be considered as involved in a case after the question has been decided in this court and its validity sustained."

The validity of the statute as distinguished from its construction or application is the source of our appellate jurisdiction. The question whether the Laws of 1901 or whether the Laws of 1912 are applicable to the salary of the appellant turns upon the construction of the law, and in no wise involves a question as to the validity of a statute. The case must involve the validity of a statute in order that the Constitution may *ex proprio vigore* confer jurisdiction when the original amount in controversy, or the value of the property, is less than the constitutional limit. The case presents no issue as to the validity of a statute, but simply the question of its con-

struction and application, and therefore the appeal must be dismissed.

Appeal dismissed.

ROSS, J., concurs.

CUNNINGHAM, J.—I dissent from the order dismissing this appeal upon the grounds that this court has no jurisdiction because the amount claimed is less than $200. I am convinced this case comes squarely within the exception recognized in section 4 of article 6, Constitution, viz.: " . . . Unless the action involves the validity of a tax . . . or statute." The particular grounds upon which I disagree are that this action involves the validity of chapter 93, Laws of 1912, as applied to this appellant's rights; the majority holding that the question involved in the action is one of construction, and not one of the validity of a statute.

"By construction of a statute is meant the process of ascertaining its true meaning and application. For this purpose resort may be had, not only to the language and arrangement of the statute, but also to the intention of the legislature, the object to be secured, and to such extrinsic matters as the circumstances attending its passage, the sense in which it was understood by contemporaries, and its relation to other laws." 36 Cyc. 1102.

The plaintiff bases her right to recover upon chapter 93 of the Laws of 1912. Defendant admits all the facts pleaded, but denies the constitutionality of said chapter 93, alleging that such law is unconstitutional, void, and not in force as to this plaintiff during her term of office. As a conclusion of law the court finds that chapter 93, Laws of 1912, is in direct conflict with section 17, article 4, of the state Constitution, and is therefore unconstitutional, and upon the pleadings renders judgment for the defendant.

Section 17, article 4, Constitution, is as follows: "The legislature shall never grant any extra compensation to any public officer, agent, servant, or contractor, after the services shall have been rendered or the contract entered into, nor shall the compensation of any public officer be increased or diminished during his term of office." It is claimed that chapter 93, Laws of 1912, served to increase the compensation of

plaintiff during her term of office, and therefore was invalid as to plaintiff during such term.

The question is, Did the pleadings call for a construction of that statute, or did they raise the question of the validity of the statute? If the pleadings raised a question of construction, then they set in motion the process for ascertaining its true meaning and application. This burden is cast upon the court, and for the purpose of ascertaining the true meaning of a statute and its application resort may be had, not only to the language and arrangement of the statute, but also to the intention of the legislature, the object to be secured, and to such extrinsic matters as the circumstances attending its passage, the sense in which it was understood by contemporaries and its relation to other laws. The meaning of chapter 93, Laws of 1912, in regard to classifying the counties for the purpose of fixing the compensation of county and precinct officers is clear, and is susceptible of no construction. The provision fixing the compensation of school superintendent of counties of the eighth class at $1,800 per annum is equally clear, and both parties raise no question in regard to the meaning of the statute; that is, that the compensation in the way of salary of the county school superintendent in classes of the eighth class is fixed at $1,800 per annum. The fact is alleged and not denied that Yuma county is within said eighth class for the purpose of fixing the compensation of county officers. How must the statute be applied? Resort may again be had in ascertaining its application to the same tests as are applied to ascertaining the meaning. Its relation to other laws must be considered with a view to effect its objects; and, where the language used is not entirely clear, the court may, in aid of interpretation, consider the spirit, intention and purpose of a law, and may look into contemporaneous and prior legislation on the same subject, and the external and historical facts and conditions which led to the enactment of the provisions under review. *Grannis* v. *Superior Court*, 146 Cal. 245, 106 Am. St. Rep. 23, 79 Pac. 891.

Applying these tests, the court must necessarily assume that the legislature had full authority as constituted to enact the law, else its meaning and application would be immaterial for any purpose. The meaning and application of the statute here involved is conceded by the parties and by the

lower court, but the defendant questions the authority of the legislature to enact the law so as to affect this plaintiff, and the court so holds. In solving the question of the authority of the legislature to enact a law binding upon the parties in the situation we find these parties, no resort can be had to the tests above mentioned. The meaning and application of the enactment would become of no interest, it could be no law, and therefore acquires no meaning or applicability. To this effect are the cases cited in the majority opinion in *Baltimore & P. R. Co.* v. *Hopkins,* 130 U. S. 210, 32 L. Ed. 908, 9 Sup. Ct. Rep. 503; *Grand Gulf R. & Banking Co.* v. *Marshall,* 12 How. 165, 13 L. Ed. 938; *Borgmeyer* v. *Idler,* 159 U. S. 415, 40 L. Ed. 199, 16 Sup. Ct. Rep. 34; *Louisville & N. R. Co.* v. *Louisville,* 166 U. S. 709, 41 L. Ed. 1173, 17 Sup. Ct. Rep. 725; *Miller* v. *Cornwall R. Co.,* 168 U. S. 133, 42 L. Ed. 409, 18 Sup. Ct. Rep. 34; *Capital Traction Co.* v. *Hof,* 174 U. S. 4, 43 L. Ed. 873, 19 Sup. Ct. Rep. 580, and other authorities cited therein.

The validity of a statute is not to be determined by what has been done in any particular instance, but by what may be done under it, not from its effect in a particular case, but upon its general purpose, and its efficiency to effect that end. *Rochester* v. *West,* 164 N. Y. 510, 79 Am. St. Rep. 659, 53 L. R. A. 548, 58 N. E. 673. Applying this rule, then what may be done under chapter 93, Laws of 1912? Can the plaintiff claim a salary at the rate of $1,800 per annum as superintendent of schools of Yuma county? That is the question here presented, and where such question is involved, the validity of a statute involved is before the court. The validity of this same statute was before this court in *Patty* v. *Greenlee County,* 14 Ariz. 422, 130 Pac. 757, and we held the statute valid in that case. Again the question is raised and is before us. Because we have once held a statute valid is no reason why this court is ousted of jurisdiction to pass upon the question in another case. The former case is controlling, to be sure, but we acquire jurisdiction by the appeal to so state and vacate a judgment which is based upon the view that the statute is invalid, and our opinion in the former case is wrong. We have held this statute valid, and the holding of this court is binding upon the lower court as the law. The lower court has disregarded the holding of this court upon

that question, and therefore has disregarded the law in this cause. The court thereby erred as to the law.

In *Albertype Company* v. *Feist Company*, 102 Tex. 221, 114 S. W. 791, the court says that: "The construction placed by the court of civil appeals upon the anti-trust act . . . put that law in conflict with article 1, section 8, clause 4, of the Constitution of the United States; therefore, the validity of that law is involved in this case, and this court has jurisdiction of the cause."

In *Chaplin* v. *Commissioners*, 126 Ill. 264, 18 N. E. 765, that court said: "Where it can be seen that the constitutional question raised is one which may be fairly regarded as debatable, we think the question of the validity of a statute becomes involved in the case, within the meaning of the statute regulating jurisdiction of appeals."

Section 4 of article 6 of our Constitution was adopted, with slight alteration of language, from section 4 of article 4 of the Constitution of the state of Washington of 1889. In the Washington provision the exception under consideration is: "Unless the action involves the *legality* of a tax, impost, assessment, toll, municipal fine, or *the validity* of a statute." Our provision substitutes the word "validity" for the word "legality" of the Washington provision, and omits the words "the validity" found in the Washington provision before the words "of a statute." Thus in effect, so far as here involved, the two provisions are identical.

For a guidance in applying this provision I would look to the decisions of the supreme court of Washington as persuasive authority, most strongly directing me in applying this provision.

In *Henry* v. *Thurston County*, 31 Wash. 638, 72 Pac. 488, that court entertained an appeal involving an original claim of $62.45, founded upon a claim for mileage allowed by a statute to the superintendent of schools, while necessarily traveling about his county visiting the common schools. The county resisted the payment of the claim because the statute allowing mileage was alleged to be unconstitutional and void as in conflict with a provision of the state Constitution. The court instructed a verdict for the plaintiff for $62.40, being the aggregate sum claimed in four causes of action, and rendered a judgment thereon. The county appealed from the

judgment. The court says in reference to jurisdiction: "The article of the Constitution defining the appellate jurisdiction of this court provides that 'its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute.' . . . It will be observed that the amount in controversy between the parties is insufficient to bring the action within the appellate jurisdiction of this court, and that the action is appealable, only because the appellant questions the validity of the statute upon which the first cause of action is founded."

In *Shook* v. *Sexton*, 37 Wash. 509, 79 Pac. 1093, the amount involved was $150, the alleged value of a horse. The form of the action was replevin. A stipulation was entered into by the parties containing the following provision: "It is further stipulated that, if the court finds the ordinance set up in the answer to be valid, legal and constitutional, then judgment shall be entered for the defendant; but, if the court finds that ordinance is invalid, illegal, and unconstitutional, then judgment shall be entered for the plaintiff." The court held the ordinance valid. The plaintiff appealed. The court said: "The amount in controversy is not within the jurisdiction of this court; but, inasmuch as the validity of the ordinance was considered as in issue, this court has jurisdiction of the appeal, under section 4 of article 4 of the state Constitution."

These are the last expressions of the supreme court of the state of Washington upon this provision of the Constitution of that state, and, while not controlling, they are highly persuasive to me, sustaining the principle that, when the court below has necessarily ruled in passing judgment upon the constitutionality of a statute, without a direct, affirmative consideration of such question, the judgment entered could not be so entered, then the validity of such statute is involved, and this court has appellate jurisdiction, regardless of the original amount claimed. Such is this case. This court has appellate jurisdiction because the validity of the provisions of chapter 93, Laws of 1912, is involved in the action. *City of Eureka* v. *Wilson,* 15 Utah, 53, 48 Pac. 41.

Inasmuch as this court has heretofore held that chapter 93, Laws of 1912, is a valid enactment, and the superior court has held otherwise in this case, I think the judgment ought to be reversed and the cause remanded, with instructions to enter judgment for the plaintiff. It is the plain duty of the county to pay the superintendent of schools the compensation affixed to that office.

Application for rehearing denied.