Morrow, J.
This matter comes up on motion for re-hearing. *
I was in error as to propositions in syllabi three and four in my memorandum on this matter.
The petition in this case was framed to raise a federal question, and the Supreme Court of the United States recently has stated what is necessary to be pleaded in order to insure a review by it of such question.
Section 344 of the U. S. Code (Judicial Code, Section 237, Amended Revised Statute No. 709) entitled “Appel *210 late Jurisdiction of Judgments and Decrees of State Courts”, provides in part, and in substance, that a final judgment or decree in any suit in the highest court of a state, where is drawn in question the validity of any statute of any state, on the ground that it is repugnant to the Constitution of the United States, may be reviewed by the Supreme Court of the United States.
What is necessary to be pleaded in such a suit was considered in “Preliminary Print, Vol. 290, U. S. No. 2 Official Reports of the Supreme Court”, which is advance sheet including opinions to January 22, 1934, inclusive. I refer to the case of Gibbs v. Zimmerman, found on page 326 of above issue, and which was decided December 4, 1933.
In that case, as in the instant case, the constitutionality of an act of the state legislature was questioned.
Justice Roberts said (page 328) :
“The appeal brings here for review an order of the Supreme Court of South Carolina, prohibiting the further prosecution of a bill in equity seeking the appointment of a' receiver for The Central Union Bank.”
An act of the .g-eneral assembly (of South Carolina) approved March 9, 1933, was held to forbid the maintenance of the proceeding.
The appellant, who was plaintiff in the suit, asserts that the act impairs the obligation of contract in violation of the Constitution of the United States.
We'-cannot consider this contention, since in his pleading the appellant relied solely on the provisions of the state constitution with respect to the obligation of contracts, and made no reference to Section 10, of Article I, of the Federal Constitution; and the Supreme Court in disposing of the case did not mention or discuss that section.”
Thus it appears that the Supreme Court of the United States refused to consider the contention that a certain state statute was unconstitutional, because the section and article of the Federal Constitution allegedly violated was not set forth specifically in the appellant’s pleading.
Justice Roberts cites certain authorities in his opinion which hold that the Supreme Court of the United States *211 will not entertain a suit wherein the validity of any statute of a state is drawn into question as repugnant to the constitution, “unless there are averments so distinct and positive as to place it beyond question that the party bringing the case from the state court to the Supreme Court of the United States intended to assert a federal right.”
See also L. & N. R. R. v. City of Louisville, 166 U. S. 709; Citizens National Bank v. Durr, 257 U. S., 99.
In my previous memorandum certain code pleading rules as to the pleading of conclusions of law were invoked, in the consideration of the allegations intended to raise a federal question for possible review by the Supreme Court of the United States.
Since I was passing upon a motion to strike, it was' riot my province to determine the federal question sought to be raised.
While it is held in Niedreich v. Lowenstein, 232 U. S., 236, at page 243:
“Where a state court holds that a federal question is made before it, according to its practice, and proceeds to determine it, this court will regard the question as duly raised,”
it does not seem proper or expedient to strike allegations from a petition that certain articles and sections of the Constitution of the United States have been violated, on the theory that the question is sufficiently raised without such allegations.
The determination of the federal question I am not called upon to make, and in view of the ruling of the Supreme Court of the United States that distinct and positive averments are necessary, I was not justified in going as far as I did in granting the motion to strike filed by the defendants herein.
My previous opinion is modified, therefore, to the extent above noted, and an entry may be presented accordingly.

Previous opinion reported in 31 N. P. (N. S.) 329.